## Susan A. Block, wife of Demarest, *v.* D. Melville.

The acknowledgment of the husband and wife in a marriage contract, that the wife is possessed of paraphernal funds, is not proof, as respects third persons.

APPEAL from the Sixth District Court of New Orleans, *Cotton,* J. *Field & Olcott* and *Henderson, Jr.,* for plaintiffs. *J. Q. Bradford & Grymes,* for defendant and appellant.

LEA, J. The plaintiff sues to recover certain lots of ground which she alleges she sold to the defendant, for the purpose of securing a debt alleged by the defendant to be due and owing to him by her husband, whereas she alleges that no such debt existed, that the sale was a simulation and in fraud of her rights; wherefore she prays that the sale be annulled, and the defendant held to account for the rents and profits.

The defendant, in addition to the general denial, pleads specially, that the plaintiff never had a separate interest in the property sold. It is evident that it is unnecessary to examine any other question than that which relates to the separate right of the wife in the property sued for. If the property belonged to the wife, it is immaterial whether *Demarest* was indebted to *Melville* or not; she would not be bound by an act which was intended to secure an alleged debt of the husband; and if the property belonged to the community, the wife is incompetent to attack the sale in the manner and form, resorted to in this case. The only question then is, whether the wife has established a title to the lots as paraphernal property. The recital in the act of sale to *Melville,* of the title by which the plaintiff held the property, binds no one; it is a mere matter of recital for the purpose of designation; it forms no part of the contract, and if it did, it would only show that, during the marriage, the wife acquired the property in her own name. The presumption of law incident to this fact is, that it is community property.

Her alleged separate interest in the property has been specially put at issue, and no testimonial proof has been offered to show that she ever had any paraphernal funds, with which to make the purchase. Her own and her husband's acknowledgments, that she was possessed of such funds, are not binding upon third parties. See *Dimetry & Wife* v. *Pollock and others,* 12 L. 304; 7 N. S. 461; 2 Rob., 476.

We think the testimony offered by the defendant, to show the pecuniary condition of the plaintiff, before and at the time of her marriage, and generally with reference to her pecuniary means, was improperly rejected.

But whatever effect we might be disposed to give to acknowledgements con-

tained in marriage contracts, when attacked by third parties, we think that a married woman who is acting aggressively for the purpose of setting aside and annulling the muniments of title with which others have been invested by her own act, should be held to full proof and to an affirmative showing of all the facts upon which she relies for success, and that a mere acknowledgment in a marriage contract is not as respects third parties, where rights are attacked, full proof of the fact so acknowledged.

It is ordered, that the judgment appealed from be reversed; and that upon the plaintiff's demand, there be judgment as in case of non-suit, and that the costs be paid by the appellee.

Re-hearing refused.