No. 5092.

MARY HARDY, for the use of her Child, v. JOHN E. STEVENSON.

The plaintiff sues to have defendant declared the father of her illegitimate child and to have him condemned to pay a certain sum for alimony to said child. One of the pleas of the defense is *res judicata*. There was a previous suit between the same parties for the same cause of action in the Fourth District Court, parish of Orleans, with the exception that, in said suit, the plaintiff had also claimed damages on the ground of injury done to her character and reputation by seduction. There was judgment, on the twenty-eighth of February, 1872, dismissing the claim of the minor child for alimony; and, on the next day, twenty-ninth of February, the claim of the mother for damages having come to trial before a jury, was dismissed on motion of her own counsel. The order of the twenty-eighth of February, dismissing the minor's claim for alimony, was not entered on the minutes through clerical error, and in May following, on motion of defendant contradictorily with plaintiff, said judgment against the minor was entered *nunc pro tunc*.

The court a qua had the power to make this correction of the minutes, and to cause the judgment to be properly entered, as was done. It follows that the plea of *res judicata* must be sustained.

APPEAL from the Fifth Judicial District Court, parish of Iberville. Cole, J. Barrow & Pope, for plaintiff and appellant; Breaux, Fenner & Hall, for defendant and appellee.

TALIAFERRO, J. The plaintiff alleging the defendant to be the

Mary Hardy v. Stevenson.

father of her illegitimate daughter, and that both the mother and daughter are without means for the support and education of the latter, sues the defendant in this action to have the daughter declared the illegitimate child of the defendant, and that he be condemned to pay alimony for her use at the rate of three hundred dollars, from the thirtieth of May, 1869, so long as her circumstances may require it. The defendant filed the plea of *res judicata*, and that failing, he further excepts peremptorily that the plaintiff can not recover alimony for the reason that, even if her allegations were true, which he denies, the daughter would be an adulterous bastard, as the defendant is a married man and was so at the time of the alleged intercourse with the alleged mother of said minor. He prays judgment in his favor and for general relief, etc.

The court *a qua* sustained the plea of *res judicata* and dismissed the suit.

The plaintiff appealed.

The facts as we find them from the evidence are that, on the sixth of August, 1869, the plaintiff filed a suit in the Fourth District Court, parish of Orleans, against the defendant for the same cause of action as set forth in the present suit, commenced in May, 1873, viz: for alimony for her child. In the first suit, however, she also prayed judgment on her own account for a large sum in damages arising from loss of character sustained by falling a victim to the arts and seduction of the defendant. In the original suit the defendant answered by general denial, and specially excepted to that part of the plaintiff's petition which claimed alimony for the minor, on the same grounds that he now excepts in his suit. On the twenty-eighth of February, 1872, judgment was rendered on the exception sustaining it, and decreeing in favor of defendant, dismissing the claim of the minor child. On the next day, the defendant filed the plea of prescription in bar of the plaintiff's claim on her individual account for damages. It appears from the minutes of the court that on the twenty-ninth of February, 1872, the case came on for trial and that a jury was empanelled for the purpose. At that juncture the plaintiff's counsel presented papers addressed to them requesting that the suit be dismissed, which, on motion, was accordingly ordered by the court.

In May following, after this order discontinuing the suit was rendered on the twenty-ninth of February preceding, the defendant filed a motion to have the judgment entered on the minutes, that had been rendered on the exception to that part of the petition praying alimony for the minor, and which had been rendered on the twenty-eighth of February, 1872, of which, however, at the time of filing this motion (on the seventeenth of May, 1872), no entry had been mad. on the

Mary Hardy v. Stevenson.

minutes. Notice of this motion was given to the plaintiff's counsel. On the twenty-fourth of May, trial was had on the motion and the court ordered that the judgment rendered in the case on the twenty-eighth of February, 1872, omitted through clerical error from the minutes of that day, be now entered *nunc pro tunc.*

The legal effect of this judgment is the prominent inquiry in this case. It is contended on the part of the defendant that the suit brought against him contains two distinct and separate demands independent of each other; that these demands might have been set up in two separate actions but were capable of being made the object of one suit; that a separate judgment might be rendered on each demand; that the omission of the clerk to enter upon his minutes of the twenty-eighth of February the judgment rendered on that day on the exception to the minor's claim, was a mere oversight and error, which the court had the authority afterwards to correct; that the subsequent judgment of dismissal had no bearing upon the judgment on the exception, and in no manner affected its validity. On the other hand, it is held that the action brought by the plaintiff against the defendant although containing two separate demands, is nevertheless but one action, one suit, and must be considered in its entirety; that the judgment said to have been rendered on the exception, formed only one proceeding in the case; that no entry upon the minutes of the court up to the twenty-ninth of February, the day the suit was dismissed, showed that any judgment had been rendered upon the exception. The suit was dismissed on the twenty-ninth of February; there was then an end of the case; it no longer existed; there was no such case on the docket of the court. Therefore, it is argued, that on the twenty-fourth of May, nearly three months after the suit was dismissed, the order rendered to enter upon the minutes of the court a judgment said to have been taken on the twenty-eighth of February, is a nullity, for the reason that the judge could render no order nor take any action whatever in a case, not in court. He could not proceed to adjudicate upon matters no longer before him.

We think the court had the power to render the order *nunc pro tunc* on the seventeenth of May, making the proper correction of the minutes, and to cause the judgment sustaining the exception and dismissing the claim for alimony rendered on the twenty-eighth of February preceding, to be entered as of that date.

It is therefore ordered that the judgment of the District Court be affirmed with costs.

Rehearing refused.