No. 13,570.

SUCCESSION OF GEORGE MULLER.

SYLLABUS.

1. A married woman who makes a nuncupative will by public act which recites that certain property, acquired during the marriage, in the name of the husband, is his separate property, is not thereby estopped to assert the contrary.

2. Property purchased by the husband during the existence of the community is presumed to have been acquired for the community, and will be held to belong to the community, unless the husband, at the time of the purchase, clearly manifested the intention to acquire for his own account, with his separate funds.

A PPEAL from the Civil District Court, Parish of Orleans—
King, J.

*Lazarus & Luce* for Mrs. Leonie Muller, Surviving Widow, Plaintiff, Appellant.

*James D. Seguin* for George Muller, Administrator, and Franz Joseph Gumbel, legal heir and testamentary legatee, on demand of Edward A. Tor, with the will annexed, Defendants, Appellees.

*James D. Seguin* for George Muller, Administrator, and Franz Joseph Gumbel, legal heir and testamentary legatee, Defendants, Appellees.

The opinion of the court was delivered by
MONROE, J. The transcript before us presents the following case, to-wit: George Muller, the decedent (whose real name appears to have been Gumbel), lived in New Orleans, where he conducted a printing establishment from as early as 1866 until December, 1897, during which time he so far prospered as to have acquired a plant, consisting of presses, type, etc., which, together with paper and other stock on hand, at the latter date, is estimated to have cost from fifteen to twenty-five thousand dollars, though probably not, at any time, worth that amount for selling purposes. In addition thereto he acquired, in 1885, an improved lot, on Bienville street, for which he paid $3000, in cash, and where he, thereafter, lived and conducted his business. In September, 1893, he married, under the regime of the community, Mrs. Leonie Ramelli, a widow with several children, who, about that time, received from the succession of her mother $1811.05, of which, she deposited in bank, after her marriage, but for her own account, $1731.05. In October, 1894, and in July, and August, 1895, Muller purchased other pieces of real estate on Barracks and Claiborne streets, and St. Bernard avenue, in this city, for which he paid, in cash, $2000, $1200 and $1250, respectively, there being nothing in either of the acts by which he acquired to indicate that the purchase was made with his separate funds. In 1897 he appears to have become dissatisfied here, and to have determined, at any sacrifice, to go elsewhere; and in furtherance of this resolution he offered his printing establishment, not including the real estate, for sale, first at one price

and then at another, and finally sold it for $3500, cash, to another George Muller, who had been employed by him for a number of years, but who was not otherwise connected with him; and with this, and other money, in December, 1897, he migrated, with his wife, to San Diego, California, where he established a domicile, and died about a year later, leaving an olographic will, dated at New Orleans, September 5th, 1894, whereby he bequeathed one-half of his estate to his wife and the other half to his brother, Franz Joseph Gumbel, who lives in Germany, and named the former as his executrix. The succession was opened in San Diego, but the widow did not qualify as executrix, and some one else was appointed to administer the estate in that place. Thereafter, the George Muller who had purchased the printing establishment, claiming as a creditor, and ignoring the will, opened the succession here and was appointed administrator, and the widow then filed one or more petitions in which, among other things, she propounds the will and claims, as widow in community, and as legatee, respectively, an undivided half interest in any community property, and an undivided half interest in any separate property, which may have been left by the decedent within this jurisdiction, and further claims, as a creditor, on account of her paraphernalia, the sum of $1731.05.

To this petition the administrator and the co-legatee answered, setting up various matters which need not here be considered. The co-legatee, however, especially denied that any of the property left by the decedent in this city belonged to the community, and alleges that all such property was purchased with the decedent's separate funds; that the plaintiff so acknowledged in a will made by her, by authentic act, and that she is, therefore, estopped to assert the contrary. The judge *a quo* sustained the claim thus set up by the co-legatee, but gave judgment in favor of the widow for $1581, on her claim for paraphernal funds, and recognized her as the legatee of the decedent to the extent of one-half of the latter's estate. And from the judgment so rendered the widow, alone appealed. A few days after the taking of the appeal, however, the following agreements were entered into by the litigants, respectively, through their counsel and are now embodied in the transcript, to-wit:

"Whereas, a judgment has been rendered herein on the issues between the administrator, Franz Joseph Gumbel, one of the legatees, and Mrs. Leonie Muller, surviving widow and legatee, upon the various claims made by the respective parties, and whereas said Mrs. Leonie

Muller simply desires to appeal from said judgment in so far as it holds that she is not entitled to a community interest in the property acquired after her marriage with deceased, as set forth in her petition filed herein, and is willing to acquiesce in said judgment in all other respects; and,

"Whereas the claim for her separate money, for the probate of the will, and for her claim under the will, are separate, independent and distinct from her claim for community interests in the property of the deceased, acquired after her said marriage; and, whereas, she has taken, or will take, an appeal to the Supreme Court of Louisiana from said judgment, it is, therefore, agreed between the parties in interest that said appeal shall be prosecuted by her in so far as it affects her claim to a community interest, as above set forth, and that, in all other respects, said judgment be carried out and executed; it being expressly understood that, by the execution of said judgment in other respects, her appeal shall not be waived or abandoned, and that no motion shall be made to dismiss for that reason. It is further agreed that the record and documents in the case, except in so far as they may apply to her claim for a community interest, shall be omitted from the transcript of appeal.

(Signed)   "LAZARUS & LUCE, *Attys. for Mrs. Leonie Muller.*

(Signed)   "JAMES D. SEGUIN, *Attorney for Franz J. Gumbel and George Muller, Administrator.*"

"It is agreed that in making up the transcript of appeal taken by Mrs. Leonie Muller, all pleadings, documents, and evidence, not having application to the claim of Mrs. Leonie Muller for community interest in the property acquired by her deceased husband after her marriage to him, shall be omitted from the transcript. It is further agreed that in the event of any document or portion of evidence is omitted (*sic*) from the transcript, which may have application to the aforesaid issue, and which the parties hereto, or their counsel, wish to supply, they shall have the right to have copies of such documents or evidence made and filed in the Supreme Court, as part of the transcript of appeal, at any time." (Signed, Etc.)

It will thus be seen that the appellant acquiesces in the judgment appealed from in all respects, save "in so far as it holds that she is not entitled to a community interest in the property acquired after her marriage" with the decedent. So that, as the administrator and co-legatee have neither appealed nor prayed for any amendment of the

judgment appealed from, it follows, that the issue thus saved is the only one before us for decision. And, as no suggestion has been made as to the supplying of any omitted document or evidence, it also follows that said issue is to be decided upon the facts disclosed by the transcript as filed.

Under these circumstances, and as the judge *a quo* does not appear to have maintained the plea of estoppel set up as against the plaintiff, it seems, at least, doubtful whether that question is included in the issues saved for review; but as the parties to the agreements recited have otherwise so interpreted them, that question will be considered. It appears that, in January, 1896, the plaintiff made a nuncupative will, by public act, whereby she bequeathed to her husband all that the law would permit her to dispose of, in her share of the community, including the usufruct, and in which she acknowledges that the real estate acquired after marriage was purchased by her husband with his separate funds, and disclaims all interest herein. Being examined as a witness, however, she testifies that said will was dictated by her husband, and that she then wrote it over again and handed it to the notary. She also testifies that her husband borrowed the money which she had in bank, telling her that he intended to buy the Claiborne street property with it, and this testimony is corroborated by the fact that there is in evidence her check, bearing date June 21, 1895, for $1581.05, to her husband's order, and by him indorsed "for deposit," and by the further fact that the Claiborne street property was purchased July 1st, 1895, for $1200, cash, and that there is also in evidence the check of her husband, of even date with the act of purchase, for $1525, to the order of the vendor of said property, and by him indorsed.

It is clear to us that there is no estoppel, and that there would be none if the declarations relied on had been embodied in a contract instead of being irrelevant recitals in a will. C. C. 2336 *et seq;* Harrang vs. Blanc, 34 Ann. 632; Vicknair vs. Trosclair, 37 Ann. 376; Lester vs. Sheriff, *et als.,* 46 Ann. 340. And we are moreover, of the opinion, in view of the testimony and of the facts referred to, that said recitals are of little or no value for any purpose, since the strong corroboration of the plaintiff's testimony afforded by the checks mentioned, considered with reference to the date of the purchase, point to the conclusion that the Claiborne street property, at least, was purchased with funds borrowed by the deceased from his wife, and hence

that said recitals are, to that extent, affirmatively shown to be at variance with the truth.

Proceeding, then, to the question, whether any of the property in controversy should be held to belong to the separate estate of the husband, we find, from the evidence in the record, that the lot on Bienville street was purchased by the decedent July 18, 1885, eight years, and more, before his marriage, and was, beyond doubt, his separate property; but that the several pieces of property on Barracks and Claiborne streets, and on St. Bernard avenue, were purchased by him after the marriage, during the existence of the community, and with nothing said or done, at the time, to indicate that he was investing his separate funds, for his separate benefit, the contrary being the case, as we have seen, so far as concerns the property on Claiborne street. Under these circumstances, according to well settled jurisprudence, the three properties last mentioned, unquestionably belonged to the community. Young vs. Young, 3 Ann. 611; Bass vs. Larche, Tutor, 7 Ann. 104; Joffrion vs. Bordelon, 14 Ann. 619; Breaux vs. Carmouche, 15 Ann. 588; Durham vs. Williams, Tutrix, 32 Ann. 162; Moore vs. Stancel, 36 Ann. 823; Hero vs. Bloch *et al.*, 44 Ann. 1032.

The further question is then presented on behalf of the appellees, whether the estate of the decedent should be recognized as the creditor of the community for the amount of the decedent's separate funds claimed to have been invested in the property in dispute. The counsel for the plaintiff, however, object to the consideration of this question, on the ground that no such claim is set up in the pleadings. And we find the objection well taken, the answer filed on behalf of the co-legatee, who alone is concerned in the matter, so far as we are able to judge from the record before us, limiting its demand to the property itself. Moore vs. Stancel, 36 Ann. 823, 824.

It is, therefore, ordered, adjudged, and decreed, that the judgment appealed from, in so far as it holds the real estate acquired by the decedent after his marriage to have been his separate property, be annulled, avoided and reversed, and it is further ordered, adjudged and decreed that said real estate be now held to have been the property of the community existing between said decedent, George Muller, and his wife, Leonie Muller, the plaintiff now before the court. It is further ordered and adjudged that the costs of the appeal be borne by the succession.

PROVOSTY, J., takes no part.

Rehearing refused.