————o————

## No. 5621.

## WORLD'S PANAMA EXPOSITION CO. vs. PETER FABACHER & BROS.

### Syllabus.

In order for the legal representatives of a dissolved corporation to recover from delinquent subscribers to the capital stock, it must be alleged and shown that such recovery is necessary to pay the debts of the corporation and equalize matters between its stockholders.

Appeal from the Civil District Court for the Parish of Orleans, Division "A," No. 96,487. Hon. T. C. W. Ellis, Judge.

McCloskey & Benedict, J. J. McClockey, for plaintiff and appellant.

E. M. Cahn, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court as follows:

This is a suit on a written obligation for money, payable in instalments and showing on its face that it was given as a subscription for the capital stock of the plaintiff corporation.

The corporation has been dissolved and this suit is brought by liquidating commissioners, and defendants except that the petition discloses no cause of action.

It is urged that the obligation shows on its face, that the very instalments for which plaintiffs are now suing were to be returned to defendants upon the happening of a certain continugency which has since come to pass; wherefore it would be vain to require defendants to pay that which must be restored to them immediately.

It is further urged that the petition does not allege that the collection of said instalments from defendants is necessary to pay the debts of the defunct corporation, or to equalize matters between its stockholders.

We find it unnecessary to pass upon the first ground of the exception; the second is well founded.

It has been held by our Supreme Court that the legal representatives of a dissolved corporation are authorized to recover from delinquent subscribers, no more than the amount necessary to pay its debts and equalize the rights and liabilities of its stockholders.

**Jackson Insurance Co. vs. Walle, 106 La., 89.**

Accordingly before a recovery can be had from a delinquent subscriber, it must be shown that such recovery is necessary for the purposes aforesaid; and since there can, be no proof without allegation, it follows that a petition which is lacking in such allegations, fails to state a cause of action.

It is therefore ordered that the judgment maintaining the exception of no cause of action herein filed be affirmed.

Judgment affirmed.

Opinion and decree, February 10th, 1913.

Dufour, J., takes no part.