No. 3407

Second Circuit

---

**COOPER v. STUCKEY ET AL.**

---

(December 19, 1928. Opinion and Decree.)

---

McHenry, Montgomery, Lamkin and Lester, of Monroe, attorneys for plaintiff, appellant.

Munholland and Munholland, of Monroe, attorneys for defendants, appellees.

## STATEMENT OF THE CASE

REYNOLDS, J. This is a suit by Mrs. Love M. Cooper, the wife of C. H. Cooper, against E. C. Stuckey, J. C. Cobb and T. W. McDonald to recover the sum of $300.00 with legal interest thereon from judicial demand, as damages alleged to have been sustained by her by reason of the seizure and sale as the property of her husband, C. H. Cooper, of an automobile, described as a Ford Sedan bearing the motor number 10,871,663 and license number 194-344, under a fi. fa. issued upon a judgment obtained by the Five Points Grocery against C. H. Cooper in the City Court of the City of Monroe, Louisiana, in an action in said court numbered 4741 on its docket and entitled Five Points Grocery versus C. H. Cooper. She alleges that the automobile was her separate, paraphernal property and not subject to seizure or sale for the debts of the community existing between her and her husband or of her husband.

The defendants denied that the automobile was the separate, paraphernal property of the plaintiff and alleged that a community of acquets and gains existed between her and her husband and that it belonged to the community.

On these issues the case was tried and there was judgment in favor of the defendants and the plaintiff appealed.

## OPINION.

The record presents for our consideration only a question of fact, namely, was the automobile seized and sold the separate, paraphernal property of the plaintiff?

It was purchased from the Lee-Rogers Chevrolet Company, Inc., in the name of the plaintiff and her husband, C. H. Cooper, acted for her in the transaction.

The purchase price was $443.50 and was paid as follows: $135.00 by transfer to the vendor of another automobile and a note for $208.50, payable in ten monthly installments of $20.85 each and secured by a mortgage on the automobile.

Both the note and the mortgage were signed: "Mrs. L. M. Cooper, by C. H. Cooper."

The automobile transferred to the vendor in part payment of the one purchased is claimed by the plaintiff to have been donated to her by her son but the evidence does not establish this to be a fact to our satisfaction but rather tends to show that it was the property of the husband.

The note given in part payment of the purchase became a debt of the community and the community property was subject to seizure and sale for its satisfaction.

Property acquired during the existence of the community of acquets and gains, whether in the name of both husband and wife or of either of them, presumptively is community property, and the wife who claims as her separate paraphernal property something purchased during the existence of the community has the burden of proving that she had a separate estate under her separate administration and control and that the property claimed as her own was acquired with money or property belonging to such estate, and this burden we do not think the plaintiff has discharged.

We find no error in the judgment appealed from and it is accordingly affirmed.