## MURFF v. NEAL et al. *
### No. 5097.

Court of Appeal of Louisiana.
Second Circuit.

June 29, 1935.

D. H. Perkins and Dickson & Denny, all of Shreveport, for appellant.

Cook & Cook and Hendrick & Hendrick, all of Shreveport, for appellees.

MILLS, Judge.

Mrs. Eula Lee Murff, wife of C. D. Murff, alleging that she is the owner of an undivided one-half interest in all of the oil, gas, and other minerals in, on and under the northeast quarter (N. E. ¼) and the east half (E. ½) of the southeast quarter (S. E. ¼) of northwest quarter (N. W. ¼), of section 17, township 17 north, range 11 west, Bossier parish, La., by purchase with her separate and paraphernal funds "derived from certain insurance money that she received from her father," seeks to enjoin T. S. Neal and the sheriff of Bossier parish from selling under execution of a judgment obtained against her husband her above interest. She prays to be quieted in her title and ownership and for damages in the sum of $100, attorney's fees, and $30 expenses.

An exception of no cause or right of action and a plea of vagueness were overruled. As defendant does not urge these matters here, we will not review the ruling.

The answer shows that no restraining order having been demanded, the sale has taken place and the interest purchased by defendant Neal. The only issue then before the court is one of title, and that issue has been reduced to the question—whether or not plaintiff has proven to the satisfaction of the court that the interest acquired during the community in her name and by deed reciting that the purchase was made with her separate and paraphernal funds is separate in character.

Without favoring us with a written opinion, the lower court dismissed plaintiff's action as of nonsuit. We assume that this was done because the trial judge conclud-

ed that under the allegation that the interest was purchased with funds derived from insurance money received from her father, he could not consider evidence admitted subject to objection that the funds were given by her mother, who was beneficiary under the policy. As defendant does not complain here of the admission of this testimony, but, on the other hand, has answered the appeal asking for the rejection of plaintiff's demands and recognition of defendant's, we will consider the case upon all of the evidence offered.

Title to the land, originally in C. D. Murff, is not disputed. On August 16, 1930, in an exchange he conveyed it to the Continental Securities Corporation, reserving to himself the one-half interest in the minerals. On October 13, 1930, C. D. Murff, for a purported cash consideration of $200, transferred this interest to his son, N. B. Murff, who, on September 14, 1932, conveyed it to his mother, plaintiff herein, for a purported consideration of $90. The act recites that the vendee is the wife of Charles Murff, and that the purchase was made with her separate and paraphernal funds. This act was not filed or recorded until December 22, 1933.

It is elementary in this state that property purchased during the existence of the community, whether in the name of the husband or wife, is presumed to be community property. "The wife who claims as her separate paraphernal property * * * has the burden of proving that she had a separate estate under her separate administration and control, and that the property claimed as her own was acquired with money or property belonging to such estate." Cooper v. Stuckey, 9 La. App. 414, 121 So. 236. This must be proved with legal certainty. Carlton v. Durr et al., 9 La. App. 269, 120 So. 124.

The fact that the title is taken in the name of the wife, and that the deed recites that the consideration is paid out of her separate funds, raises no presumption. She says that her counsel saw the $90 paid by her to her son, but he does not testify. No other corroboration is offered.

We do not mean to say that plaintiff's testimony is not true. We do say that it is most unfortunate that the transaction should seem so unusual and be susceptible of no more definite proof.

In the late case of Agricultural Supply Company, Inc., v. Lavigne et al., 179 La. 1030, 155 So. 764, 765, the court said: "The presumption is strengthened if the seller is insolvent and is being sued, and if the sale is made to a close relation of the seller, and if the price is said to have been paid in currency, so that there is no bank record or voucher to evidence the payment of the price."

Considering the authorities quoted and the facts found, we are forced to conclude that plaintiff has failed to prove with that degree of legal certainty required by law that the mineral rights in question were purchased with her separate funds.

The judgment dismissing plaintiff's suit as of nonsuit is reversed, and judgment is now rendered rejecting her demands and recognizing T. S. Neal as owner of the mineral rights involved herein.