GLADNEY, Judge.
The appeal is from a judgment decreeing the nullity of a deed by which the husband purported to transfer 15 acres of land to his wife.
Plaintiffs are Olga’ Dupre Neal, Marguerite Dupre Riveral and Paul J. Dupre, Jr., who have instituted this suit against their mother, Mrs. Beulah Colson Dupre Locke. Their petition alleges that during the marriage of their father, Paul ■ J. Du-pre, and their mother, Beulah Colson Du-pre, their father attempted to convey the above referred to property by notarial act of sale on May 15, 1917. Some years after this date Beulah Dupre left her husband and went to California where the marriage was dissolved by divorce. It is'alleged that the purported sale and transfer was made because Paul J. Dupre was at the time heavily involved in debt. Actual possession and control over said property remained with their father until his death intestate about the year 1949.
The petition was answered, by the defendant mother who asserted that the transfer was made as a replacement of her paraphernal funds. In addition to the answer respondent filed an exception of no cause or right of action, which was overruled. The exception is not argued in this Court and we assume that it has been abandoned.
After trial, judgment was rendered decreeing the nullity of the deed from Paul J. Dupre to his wife. The Court, however, because of inadequate proof, rejected the demand of plaintiffs to be recognized as owners of the property.
An examination of the deed in question shows it to be an ordinary conventional form of a cash sale of land. It was executed by the husband, as vendor, to the wife, as vendee. The deed in part, recites:
■ “ * * , * came and appeared Paul J. Dupre, a married man whose wife’s name is Mrs. Beulah Dupre, nee Col-son, resident of Montrose, Louisiana, who declares that for $500.00 Dollars, cash in hand paid, receipt whereof is hereby acknowledged and good acquittance and discharge given for the same, he did and do by these presents grant, bargain, sell, assign, convey, set over *234 and deliver unto Mrs. Beulah Dupre, nee Colson, wife ’of said vendor, resident of Montrose, Louisiana, here present accepting and purchasing for herself, heirs and assigns, all and singular, the following described property, to-wit: * *
The purported conveyance, it is clear, •was not in the form of a dation en paiement and cannot he accepted as indicating in any wise an intent on the part of the husband to replace dotal funds. It is essential to a dation en paiement that the husband be really indebted to his wife and that the fair value of the property given in payment should not exceed the amount actually due her. Article 2655 of the LSA-Civil Code. Inasmuch as the deed on its face required the wife to pay the sum of $500- it is contrary to the provisions of Articles 1790 and 2446 of the LSA-Civil Code, which recite:
Article 1790.
“Besides the general incapacity which persons of certain descriptions are under, there are others applicable only to certain contracts, either in relation to the parties, such as a husband and wife, tutor and ward, whose contracts with each other are forbidden; or in relation to the subject of the contract, such as purchases, by the administrator, of any part of the estate which is committed to his charge, and the incapacity of the wife, even with the assent of the husband, to alienate her dotal property, or to become security for his debts. These take place only in the cases specially provided by law, under different titles of this Code.”
Article 2446.
“A contract of sale, between husband and wife, can take place only in the three following cases :
“1. When one of the spouses makes a transfer of property to the other, who is judicially separated from him or her, in .payment of his or her rights.
“2. When the transfer made by the husband to his wife, even though not separated, has a legitimate cause, as the replacing of her. dotal or other effects alienated.
“3. When the wife makes a transfer of property to- her husband, in payment of a sum promised to him as a dowry.
“Saving, in these three cases, to the heirs of the contracting parties, their rights, if there exist any indirect advantage.”
Manifestly, the transaction was one prohibited by the laws of this state. Moreover, should we permit the wife to explain by parol evidence the recited consideration, the transfer of the property in this instance would still be without efficacy. Appellant’s testimony was that she gave the money to her husband as her mother gave it to her, and that she made the payment about two years before she left to g.o to California, some time after the execution of the deed. This testimony makes it" clear that no debt of the husband to the wife actually existed at the time when the deed was executed.
We find incorporated in the answer of respondent pleas of prescription of ten years and thirty years. We are not informed as to the basis of either plea and neither is urged in this Court. We, perhaps, may assume that the ten year prescription plea is founded on Articles 3478 and 3479 of the LSA-Civil Code. These articles are without legal application because the deed in question was null on its face and, therefore, was not translative of title. Hence, it could not serve as a basis for the ten year prescription. Little v. Barbe, App.1940, 195 La. 1071, 198 So. 368, 375.
If we assume that the prescription of thirty years is based on Articles 3499 and 3500 of the LSA-Civil Code, this plea likewise is without merit due to the absence from the record of any showing of adverse possession by the defendant.
We note that appellee timely objected to the admission of certain depositions taken on behalf of the defendant as no-t having been taken in conformity to the requirements of statutory provisions. LSA-R.S. 13:3771-3775. In arriving at our decision *235 herein we find it unnecessary to pass upon this issue.
For the reasons herein stated, it is our opinion that the judgment appealed from, is correct, and it is hereby affirmed at appellant’s cost.