GLADNEY, Judge.
This suit is in the nature of a petitory action on behalf of plaintiffs as the sole and only heirs at law of J. M. Case for the purpose of being recognized as owners of one-half interest in two tracts of land situated in Winnsboro, Louisiana. Made defendants are Harry N. Anders and Mrs. Maude Eatmon Case Ferrington. Mrs. Ferrington was the surviving widow of J. M. Case who died intestate in Winnsboro on May 15, 1950, and Anders is the vendee of and in possession of the tracts of land in dispute, having acquired the same from Mrs. Ferrington by deed May 28, 1951. The plaintiffs are children of a marriage between J. M. Case and Maggie Daughril *109 Case, this marriage having been terminated by a divorce in 1930 after which Case married Mrs. Maude Eatmon on January 10, 1937. There were no children born of the latter, marriage and the parties were living together as husband and wife at the time of his death.
The following undisputed facts are to be found in the record: During the marriage of J. M. Case and Maude Eatmon Case two tracts of land were acquired which, for convenience, will be designated herein as Tract “A” and Tract “B”. They are described as follows:
“Tract A:
“A certain tract or parcel of ground, together with all improvements located thereon and all appurtenances thereunto belonging and situated in the Town of Winnsboro, Parish of Franklin, State of Louisiana, and more particularly described as follows: A certain lot in Winnsboro, Louisiana, commencing at the Northwest corner of Block or Square No. Forty-One (41), running thence East 75 feet to a point of beginning; thence South 50 feet; thence East 225 feet; thence North 50 feet to the Northeast corner of said Block or Square No. 41; thence West 225 feet to the point of beginning ; bounded on the South by property of John Myer; bounded on the-by Jackson Street, and is the same property acquired in Book Q. Folio 641 of the records of Franklin Parish, Louisiana.
“Tract B:
“A certain tract or parcel of ground situated in the Town of Winnsboro, Parish of Franklin, State of Louisiana, together with all improvements located thereon and all appurtenances thereunto belonging, and being more particularly described as follows: Commencing at the Northeast corner of Square Forty-One (41) of the plat of the Town of Winnsboro; thence running South 50 feet thence East to land dividing property formerly owned by W. E. Moore, et al'., and of C. L. Berry; thence North along said line 50 feet to Macon Street; thence West along the- South side of Macon Street to the place of beginning.”
Tract “A” was acquired from Mrs. Hope Moore, et al. by deed dated May 25, 1937, the vendee therein being Mrs. Maude Eat-mon Case, wife of J. M. Case. The instrument was a credit deed reciting a consideration of $750, $200 of which was paid in cash and the balance was represented by six vendor’s lien promissory notes maturing annually on the first day of August 1937, and on the 31st day of December of each succeeding year. J. M. Case-did not appear in this instrument nor did the deed recite the property was being purchased with the separate and paraphernal funds of Mrs. Maude Eatmon Case.
Tract “B” was sold by Mrs. Hope Moore, et al., by deed dated June 1, 1939, to “J. M. Case (a married man whose wife is Mrs. Maude Case),” for a recited cash consideration of $50.
Filed in evidence were certain instruments which have some bearing upon the outcome of this case. One of these was an act of special mortgage dated May 25, 1937, wherein Mrs. Maude Case execúted a mortgage on a certain piece of her separate property to and in favor of J. W. Mc-Lemore for $216. Another document dated February 24, 1950 shows that Mrs. Maude Eatmon Case executed an act of special mortgage on her forty-acre farm tract in favor of the Winnsboro State Bank for $1,000. J. M. Case was a nominal party thereto. This mortgage affected the two tracts “A” and “B” above described. In 1945 J. M. Case filed a suit for separation from bed and board from his wife, Mrs. Maude Eatmon Case, alleging she had removed to Mississippi permanently and abandoned him. The petition in this suit is made a part -of the record and asserts certain property had been acquired during the marriage, consisting of a tract of land corresponding to tract “A” above described and certain personal property,- including $1,500 in cash. The suit was never prose *110 cuted to'a decision and subsequently the parties were reunited and continued to live and reside together until the death of Case. On the 6th of August, 1946, Case appeared before a notary public and executed a public act in which he recited that the consideration paid for tracts herein designated as “A” and “B” was supplied from the separate and paraphernal funds of his wife, Mrs. Maude Eatmon Case, and in order to place title to said property in the proper party he purported to transfer all of his interest therein to his wife. This act declares as to tract “A”:
“That the entire consideration paid for said property, the cash payment and the deferred payments were made by his wife, Mrs. Maude Case with her separate and paraphernal funds, and that said property is the separate and paraphernal property of his said wife, and forms no part of the community of acquets and gains existing between him and his said wife. Said appearer herein reserves the right to maintain his home here so long as he lives, without. any rents, and that both parties agree that the household expenses shall be shared equally, and be as heretofore other than that said vendor reserving the right to maintain his home so long as he shall live, and that at that time this reservation shall cease. Said ap-pearer, J. M. Case, declared and acknowledged that his said wife, Mrs. Maudie Case, owns a farm which is her separate and paraphernal property and is under her separate control and administration, and that she has a source of income from this farm, which forms no part of the community of acquets and gains existing between said parties. He declared and acknowledged that his said wife, Mrs. Maudie Case, used the revenue and income from her farm to purchase and pay for all of the property herein above described, and that he owns no interest therein, and that all of said property is the separate and para-phernal property of the said Mrs. Maudie Case and forms no part of the community of acquets and gains existing between said parties.”
And as to tract “B”:
“That said consideration was paid by the wife of said appearer, Mrs. Maudie' Case, and was paid for with her separate and paraphernal funds, being rents received by her from her farm property which she owns and administers-, and which forms no part of the community existing between appearer and' his wife;
“Now, therefore, in order to place the title to said property in the proper place, appearer does now sell, bargain, transfer, deliver, set over, and give in payment unto his said wife, Mrs. Maudie Case, all of his right,, title and interest in and to the above-property, said appearer acknowledging that said property was purchased with the separate and paraphernal funds of his said wife.” (Emphasis supplied.)
Subsequent to the death of her husband on May 28, 1951, Mrs. Maude Case sold to-Harry N. Anders, one of defendants, the-two tracts of land above referred to as-tracts “A” and “B”. The vendee thereof promptly took possession of the property. A large two-story residence was situated on tract “A” and he caused this to be rented for some months. The house was then sold for the sum of $500 and the purchaser thereof either removed same or tore it down. For alleged damages to the property-plaintiffs claim one-half thereof, insisting that Anders be condemned to pay them $2,750, this sum allegedly being one-half of the value of the house disposed of by An-ders. Also it is contended that Anders should be required to account to plaintiff for one-half of the rents and revenues derived from said property while in his possession. Appellants ask that the instrument, of August 6, 1946, be declared null and be-canceled and erased from the records of Franklin Parish, as being a contract between husband and wife of the type and nature prohibited by the laws of Louisiana.
*111 After trial on the merits, judgment was rendered rejecting the demands of plaintiffs and from this judgment a devolutive appeal has been taken.
The total value of plaintiffs’ demands as alleged, indicate a sum in excess of the maximum fixed as a limitation upon the jurisdiction of this court in cases of this sort. Upon examination of the whole record, however, we have reached the conclusion the money demanded is inflated, and except for such inflation the total value in controversy would be within our appellate jurisdiction. No issue has been raised upon this point and we assume jurisdiction.
The principal issue is whether the tracts of land shall be considered a part of the community of acquets and gains existing between decedent and his wife at the time of his death. If so, then plaintiffs, being forced heirs, are entitled to be recognized as owners of a one-half interest in the property. Recognition of the community nature of said property would necessarily require the purported transfer of August ■6, 1946, to be declared null and void under LSA-C.C. arts. 1790 and 2446.
For the purpose of clarity we deem it advantageous to discuss tracts “A” and “B” separately, especially in relationship to the evidence presented.
Tract “A” was purchased on credit during the marriage between J. M. Case and his wife, Maude Case, and as noted above, Mrs. Maude Case alone was named vendee therein. This deed was dated May 25, 1937, and on that date Mrs. Case mortgaged for $216 to J. W. McLemore forty acres of land which she had brought into -the marriage. This furnishes convincing evidence the down payment on tract “A” was entirely composed of separate and para-phernal funds of Mrs. Case as the property mortgaged was owned by her prior to her -marriage with J. M. Case. The property so mortgaged was the source of additional separate and paraphernal funds consisting of rent varying from $100 to $300 annually, according to the testimony of Mrs. Ferring-ton. This farm was entirely administered by Mrs. Case' and it does not appear that her husband ever exercised any control or management over it. Mrs. Ferrington testified further the annual mortgage payments due on tract “A” were always made by her. In this respect she is corroborated by an officer of the bank where the notes were placed for collection. She testified the money to make all credit payments came from rentals on her farm, from two mineral conveyances executed on her separate property during 1939 and 1940 and from monthly allotments of $177.50 made to her during 1948 and 1949 by a son of her first marriage while he was in the military service of the United States.
There can be little doubt that from the very beginning of their marriage the com-binded earnings of the two spouses were inconsiderable. Case worked spasmodically, was in poor health and did not earn a sufficient income to support both his wife and himself. Mrs. Maude Case, it is true, after occupying the residence on tract “A”, which consisted of a two-story, nine-room house, rented portions thereof and received a certain amount of income from this source. In addition to this, she took in sewing and occasionally worked at stores in order to supplement the family income. No doubt she contributed to the community of acquets and gains in other ways, but as a whole, we think the evidence sustains the holding that tract “A” should be considered as the separate and paraphernal property of Mrs. Maude Case upon the death of her husband. The finding of the judge a quo is consistent with this view.
Another issue posted is that the document of August 6, 1946, insofar as Case sought thereby to invest his wife with title must be considered void as contrary to the provisions of LSA-C.C. arts. 1790 and 2446, which read:
Article 1790:
“Besides the general incapacity which persons of certain descriptions are under, there are others applicable only to certain contracts, either in relation to the parti.es, such as a hus *112 band and wife, tutor and ward, whose contracts with each other are forbidden; or in relation to the subject of the contract, such as purchases, by the administrator, of any part of the estate which is committed to his charge, and the incapacity of the wife, even with the assent of the husband, to alienate her dotal property, or to become security for his . debts. These take place only in the cases specially provided by law, under different titles of this Code.”
Article 2446:
“A contract of sale, "between husband and wife, can take place only in the three following cases:
“1. When one of the spouses makes a transfer of property to the other, who is judically separated from him or her, in payment of his or .her rights.
“2. When the transfer made by the husband to his wife, even though not separated, has a legitimate cause, as the replacing of her dotal or other effects alienated.
“3. When the wife makes a transfer of property to her husband, in payment of a sum promised to him as a dowry,
“Saving in these three cases, to the heirs of the contracting parties, their rights, if there exist any indirect advantage.”
The instrument under attack cannot have effect as a dation en paiement for obviously it does not indicate in any wise an intent by the husband to replace dotal funds. Essential to a valid dation en paiement is the existence of indebtedness by the husband to his wife and it must be apparent the fair value of the property given in payment does not exceed the amount actually due her. LSA-C.C. art. 2665. Neal v. Locke, La.App., 1952, 61 So.2d 232. Nor does the purported transfer come within the. other exceptions validated by the Civil Code.
Notwithstanding the invalidity of the instrument as a transfer of title, we see no reason why some effect should not be given to such declaration under oath by Case that the property was purchased with separate and paraphernal funds of his wife. Succession of Tullier, La.App., 1951, 53 So.2d 455. In the cited case Mrs. Tullier executed a formal act which apparently was only a declaration by the wife wherein she acknowledged the property in question was purchased by her husband with money accumulated prior to the marriage and that the community had paid nothing on the purchase price, improvements or maintenance, and that the property was considered a part of her husband’s separate estate. The court, page 457 had this comment:
“Of course, this instrument is absolutely null and void under the cited Article of the Code and as admitted by the plaintiffs. At most it could only be considered in the light of evidence or, as contended by the plaintiffs, as a declaration by' the wife that the property should be considered as the separate property of the deceased. The wife, over the objection of counsel for plaintiffs, in answer to a question by the trial judge declared that she was told that unless she signed the instrument she could not get her divorce, or, rather, the husband would oppose the divorce. The status of this property was fixed at the time of purchase as community, as it was purchased jointly by deceased and the defendant wife, without any reservation whatsover.
“In the case of Cox v. Caldwell, La.App., 197 So. 167, 170, it was stated:
“ ‘All property acquired by either spouse during the existence of the marriage presumably falls into and becomes an asset of the community 'of acquet9 and gains between them, if such exists. Art. 2402 of the [LSA-] Civil Code. Murff v. Neal, La.App., 162 So. 245; Schwab v. Hava, 154 La. 922, 98 So. 420; Houghton v. Hall, 177 La. 237, 148 So. 37.
*113 “ ‘It is said in the latter case, on page 244 of 177 La., on page 39 of 148 So.:
“ ‘ “This presumption is not overcome by the declaration of the spouses in a deed to the wife that the latter is purchasing with her own separate and paraphernal funds, under her separate administration. Shaw v. Hill, 20 La.Ann. 531, 96 Am.Dec. 420; Gogreve v. Dehon, 41 La.Ann. 244, 6 So. 31.”
" ‘ “Every marriage contracted in this State, superinduces of right partnership or community of acquets and gains, if .there be no stipulation to the contrary.” Art 2399 of the [LSA-] Civil Code.
“ ‘The burden of overcoming the above referred to presumption rests upon the person alleging the separate and/or paraphernal character of the particular property. Schwab v. Hava, supra; Houghton v. Hall, supra; Cosgrove v. His Creditors, 41 La.Ann. 274, 6 So. 585; Huntington Adm’r v. Legros, 18 La.Ann. 126.
“ ‘It is also held in Houghton v. Hall, that: “The wife, and those claiming through or from her, to overcome the presumption in favor of the community, must establish three crucial facts, Namely: (1) The . parapher^ nality of the funds; (2) the administration thereof separately and apart from her husband; and (3) investment by her. Stauffer, McCready & Co. v. Morgan, 39 La.Ann. 632, 2 So. 98.”’”
We are of the opinion the positive testimony of Mrs. Ferrington, coupled with corroborating circumstances has overcome the presumption that tract “A” so designated should be classified as community property, and appellants’ demands to be recognized as owners in indivisión thereto must be denied.
 We now give our consideration to the issue as to whether tract “B” was the separate and paraphernal property of Mrs. Maude Eatmon Case. The property so described was sold by Mrs. Hope Moore, et al. to “J. M. Case, a married man, whose wife is Mrs. Maude Case”, by deed dated June 1, 1939. The consideration stated therein was $50 cash. We have recorded above our findings that the instrument of August 6, 1946, insofar as it purported to transfer title to the two tracts to Mrs. Case, must under our Civil Code be considered null and void. The record fails to establish the consideration paid for tract “B” came from the separate and para-phernal funds of Mrs. Case. Indeed, if this were a fact, surely the property would have been acquired in the name of Mrs. Case. Such was not done. Defendants, we surmise, concede this weakness in proof, and have affirmed in their answer: “Your respondents * * * show and allege * * * that tract ‘B’ as set forth in plaintiffs’ petition, was community property, until a good and valid transfer thereof was made by the deceased, J. M. Case, to your respondent, Mrs. Ferrington * * To be consistent with our finding the attempted transfer is invalid under the above referred to Codal articles, we must hold that tract “B” was part of the community of acquets and gains which existed between J. M. Case and Maude Eatmon Case and it follows that the judgment from which appealed should be modified to give recognition to the ownership of appellants in the property referred to hereinabove as Tract “B”.
It is, therefore, ordered, adjudged and decreed that the judgment from which appealed be and the same is hereby affirmed except as herein modified.
It is further ordered, adjudged and decreed that Adolphus Case, Miss Agnes Case, Mrs. T. C. Higginbotham and Mrs. Stanley McEarchen be and they are' hereby recognized as owners in indivisión of an undivided % interest in the proportions of an undivided % interest to each in and to the following described tract of land:
“A certain tract or parcel of ground situated in the Town of Winnsboro, Parish of Franklin, State of Louisiana, together with all improvements located *114 thereon and all appurtenances thereunto'belonging, and being more particularly described as follows: Commencing at the Northeast corner of Square Forty-One (41) of the plat of the Town of Winnsboro; thence running South 50 feet; thence East to land dividing property formerly owned by M. E. Moore, et al. and C. L. Berry; thence North along said line 50 feet to Macon Street to the place of beginning.”
And, further, it is ordered that that instrument of August 6, 1946, entered into between J. M. Case and Mrs. Maude Eatmon Case and recorded in Notarial Book 62, page 38 of the records of Franklin Parish, be canceled and erased, but only insofar as it affects the above described property. To the extent the judgment appealed from is inconsistent with the above ruling it is annulled and set aside. Costs, including costs of appeal, are to be divided equally between appellants and appellees.