Gogreve vs. Dehon and Husband.

## No. 10,316.

### H. R. GOGREVE vs. MRS. M. DEHON AND HUSBAND.

### CHAS. A. BRUSLÉ, SYNDIC, vs. MRS. M. DEHON AND HUSBAND.

#### CONSOLIDATED.

The action of the syndic of an insolvent estate, for the purpose of subjecting to the debtor's debts, immovable property purchased in the name of his wife, because it is in reality community property, is not a revocatory action, as it seeks not to annul any act or contract of the debtor. It presents simply a question of ownership, which is not to be tested under the rules applicable to the revocatory action.

It is a settled rule of law in the jurisprudence of this State, that all property purchased during marriage, by either of the spouses, is presumed to fall into the community, and the burden of proof is on the wife who claims such property as hers separately to show affirmatively the existence of all the features and elements required by law to shield her claim from the application of the general rule.

APPEAL from the Twenty-third District Court, Parish of Iberville. *Talbot,* J.

*Alex. Hebert* for Plaintiff and Appellee.

*Chas. O. Lauve* for Defendants and Appellants.

The opinion of the Court was delivered by

POCHÉ, J. Auguste Dehon having surrendered his property to his creditors under the insolvent laws of the State, and having omitted to include therein a piece of immovable property which stands on record as the separate property of his wife, these two suits were brought by one of the creditors and by the syndic of the insolvent to have it judicially declared that said immovable property truly belonged to the community, and that as such it be declared liable for sale under the insolvency proceedings for the husband's debts.

The suits were brought directly against the wife and against the husband, and the substantial ground of action is that the purchase, although made in the name of the wife alone, enured to the benefit of the community which has always existed between the spouses; the petition containing the averment that the declaration in the act of sale, to the effect that the purchase was made by the wife in her separate right with her paraphernal funds of which she had retained the administration, was untrue and fraudulent.

The defendants filed separate exceptions, to be hereinafter noticed, which were overruled. They then filed a general denial, and they are appellants from a judgment in favor of plaintiff.

### EXCEPTIONS.

The wife's exception was: no cause of action against her on the ground that she was not responsible for her husband's debts, and that the purchase had been affected long before the rights of the creditors had accrued.

The husband's exception was substantially the want of right on the part of the plaintiff to resort to the revocatory action against him, as he had sold no property or performed no act on which such an action could be based, and because he was not a debtor of his present creditors at the time that the purchase was made by his wife.

On examination, all the grounds of exception urged by both defendants appear to be predicated on the erroneous assumption that the record presents a case of revocatory action.

Under our Code, the sole object of the revocatory action is to annul or to avoid the effect of the contract of a debtor fraudulently contrived to injure his creditors, and the result of the judgment is to avoid the contract as to its effects on the complaining creditors. C. C. 1968, 1970, 1977.

Now, as aptly suggested by the defendant husband in his exception, there is no complaint here as to any contract executed by him, nor is there any demand to avoid the effect flowing from any of his acts. Pearson vs. Pearson, 15 Ann. 119.

There is now no demand to annul the purchase made by the wife, but the intention is merely to regulate its legal effect. The theory of the action is that the property having been purchased during the marriage under the *régime* of the community, the purchase enured to the benefit of said community, whether made in the name of one or both of the spouses, "because in that case the period of time when the purchase is made is alone attended to, and not the person who made the purchase." C. C. Art. 2402.

The practical right claimed under the pleadings is to subject all the property of the insolvent debtor to the rights of his creditors, as their common pledge.

And it is clear that for the purposes of the remedy thus sought to be enforced, it is absolutely immaterial to consider whether the property, alleged to belong to the insolvent, was acquired before or since he contracted the debts which are represented by the creditors or by the syn-

dic. The simple question to be judicially solved is whether the property which stands in the separate name of the wife, is or not in reality the property of the community, and as such liable for the debts of the community. Such an inquiry is clearly within the scope of the rights of the creditors. Judson vs. Connolly, 5 Ann. 400 ; Sullice vs. Gradenigo, 15 Ann. 582.

The present suit is therefore not a revocatory action and the issues herein are not affected by the rules which govern that action. We, therefore, conclude that defendant's exceptions have no force and that they were properly overruled.

This brings us to the consideration of the case

### ON THE MERITS.

It is in proof, and in fact conceded, that the defendants were married under the regime of the community.

It thence follows, as a presumption of law, under the textual provisions of our Code as expounded in our jurisprudence, that the property purchased by the defendant wife, during the marriage, fell into the community, and that the burden of proof is on her to show affirmatively the existence of all the features and elements required by law to shield her claim from the application of the general rule. C. C. 2402.

And in this connection it is equally well settled in our jurisprudence that the declarations of herself and of her husband in the act of sale, that the purchase was made as an investment of her paraphernal funds of which she had retained the administration, are not sufficient to rebut the presumption of law in favor of the community. Sentmanat vs. Soulé, 33 Ann. 612; Bachimo vs. Coste, 35 Ann. 570 ; Burns vs. Thompson, 39 Ann. 377.

The application of this rule to her case is practically conceded by the defendant wife, and she has introduced evidence for the purpose of showing that she had received from her father as manual gifts two sums of money more than sufficient in amount to meet the payment of the property in dispute.

We have carefully considered and weighed all that evidence and we reach the conclusion that it falls far short of the requirements of the law applicable to such cases.

We therefore hold that the property in dispute does belong to the community existing between the defendant spouses, and that there is no error in the judgment appealed from.

Judgment affirmed.