LECHE, J.
Rudolph Schwab obtained a judgment on June 27, 1918, against Adrian 1-Iava for the sum of $535, with-6 per cent, interest thereon from November 27, 1916, and all costs. He seeks, in the present suit, to have certain property standing of record in the name of Marie Ernestine Chavigny wife of Adrian Hava, declared to be community property and subject to seizure in.satisfaction of his said judgment. The defense is fraud and collusion between Rudolph Schwab and Adrian Hava and that the property sought to be levied upon is the separate and paraphernal' property of Mrs. 1-Iava for having been bought with her own separate funds.
The district judge was of the opinion that neither of these defenses were sustained by sufficient evidence, and he accordingly rendered judgment as prayed for by plaintiff. From that judgment, Mrs. Hava prosecutes the present appeal.
[1,2] Plaintiff’s judgment is on its face valid, and the burden was upon Mrs. Hava to show that it was based upon a fictitious claim, or at least to produce evidence to destroy the presumption of its validity, _ and thereby shift the burden of proof upon plaintiff. The only fact she was able to establish in that connection was that Schwab and Hava have for many years been intimate friends. That fact alone can at most, only give rise to suspicion; but, on the other hand, it is shown that Schwab was employed by Hava and worked for him for some time, previous to the date of the note evidencing the claim upon which the judgment was rendered. Both Schwab and Hava testified that the claim was real, was due, and was unpaid. We are therefore of the opinion that Mrs. Hava’s charge of fraud and collusion between Schwab and her husband is not sustained by the evidence.
The other defense, to the effect that the property sought to be held liable to seizure under plaintiff’s judgment, equally lacks sufficient proof for its maintenance.
[3] According to the law and settled jurisprudence of this state, all property bought by either of the spouses during marriage is presumed to belong to the community. C. O. art. 2402; Cosgrove v. Creditors, 41 La. Ann. 274, 6 South. 585; Latour v. Guillory, 130 La. 571, 58 South. 341. The wife may, however, destroy that presumption by proving that the purchase price of property, bought in her name, was paid out of her separate funds. Mrs. Hava, as a witness, attempted to establish that fact; but her testimony is unsatisfactory and so vague that she several times acknowledged that ^he had partially lost her memory, and she was unable to give a reasonable account of the manner in which she had acquired the funds which she says were used by her in acquiring the property.
It is shown that the debt due to plaintiff *925 is a community debt, and tbe presumption in favor of a community creditor, that the property belongs to the community, has not been overcome by sufficient proof.
The judgment appealed from should therefore be affirmed, and it is so ordered.