30 So.2d 860

**FLEMING et al. v. FLEMING.**

**No. 38279.**

May 26, 1947.

William J. White, of Gretna, for defendant and appellant.

Fred A. Middleton, of New Orleans, for plaintiffs and appellees.

O'NIELL, Chief Justice.

The plaintiffs in this suit are the two sons and two daughters of the defendant, Calvin A. Fleming, being issue of his marriage with Georgie Reed. She died intestate at her residence in Jefferson Parish, Louisiana, on the 27th day of February, 1932. The plaintiffs are the only heirs of their mother and are claiming by inheritance from her a half interest in the 87/141 interest claimed by their father in a partnership called Fleming Plantations. The judge of the district court decided in favor of the plaintiffs. The defendant is appealing from the decision.

The case was submitted in the district court on an agreed statement of facts. Calvin A. Fleming and his wife, the parents of the plaintiffs, resided in the State of Minnesota for a number of years; and during those years, while they were living in Minnesota, "certain funds were accumulated." In 1910 they moved to Louisiana for the purpose of establishing their permanent domicile in this state, and did so establish their domicile here. Thereafter Fleming purchased 496 shares of capital stock, out of a total issue of 500 shares, in a Louisiana corporation entitled the Louisiana Truck & Orange Land Company, Ltd. He purchased the shares of stock with the funds which had been accumulated while he and his wife were residing in Minnesota.

Later, the Louisiana Truck & Orange Land Company, Ltd., sold all of its property to a corporation entitled Fleming Plantations, Inc. The consideration which Fleming received in this sale was 87 shares, out of a total issue of 141 shares, of the

capital stock of Fleming Plantations, Inc.

In 1941, Fleming Plantations, Inc., was liquidated, and its property was transferred to its stockholders as a distributive dividend in proportion to the number of shares owned by each stockholder. Fleming thus became the owner of an undivided 87/141 interest in the property theretofore owned by the corporation. At the same time all of the stockholders of the liquidated corporation formed a partnership, entitled Fleming Plantations, in which each stockholder contributed his undivided interest in the property theretofore owned by the corporation, in consideration for the same proportionate interest in the partnership.

The plaintiffs contend that the capital stock of the Louisiana Truck & Orange Land Company, Ltd., purchased by their father in 1910, thereby became community property, and that at the death of their mother they inherited an undivided half interest in the stock, which is now represented by the defendant's 87/141 interest in the partnership called Fleming Plantations.

Neither party has attempted to describe exactly the nature of the funds with which Fleming bought the shares of stock in 1910. The agreed statement of facts does not disclose whether, under the law of Minnesota, these funds were the separate property of the husband or were owned jointly by the husband and the wife. It matters not, however, in our view of the case, whether the funds were the separate property of the husband or belonged to him and his wife jointly.

When Fleming and his wife established their domicile in Louisiana they came under the community property system of this state with respect to all property acquired by them after their arrival. Civ.Code, art. 2401. This means that the purchase of the shares of stock by Fleming in 1910 was subject to the rules of our state regarding community property. One of these rules, as stated in Article 2402 of the Civil Code and in the jurisprudence which has arisen under this article, is that all property bought by either spouse during the existence of the marriage, even though bought in the name of only one of them, is presumed to belong to the community. Fortier v. Barry, 1904, 111 La. 776, 35 So. 900; Schwab v. Hava, 1923, 154 La. 922, 98 So. 420; and the cases cited there.

In the present case there is nothing in the agreed statement of facts which can rebut in any way, the presumption that when Fleming purchased the stock in 1910 he did so for the community. Consequently, we agree with the judge of the district court that the capital stock purchased by Fleming in 1910, as represented today by his 87/141 interest in the partnership of Fleming Plantations, belonged to the community between Fleming and his wife.

The judgment appealed from is affirmed.