53 So.2d 455 (1951)
Succession of TULLIER.
No. 3413.
Court of Appeal of Louisiana. First Circuit.
June 29, 1951.
Spedale & Cooley, Baton Rouge, for appellant.
George S. Womack, Jos. A. Gladney, Baton Rouge, for appellee.
ELLIS, Judge.
This is a suit by Mrs. Amy T. Bourgoyne, mother of decedent, Mrs. Olive T. *456 Comeaux, Mrs. Clara Mae T. Panepinto, Linzie J. Tullier, Mrs. Doris T. Kennedy and Mrs. Mary Lee T. Bernard, the brother and sisters of decedent, against Ducleade Tullier, father of decedent, Mrs. Frances Marion Herrington (now Mrs. George Peteusky), divorced wife of decedent, and Hermon Tullier and Mrs. Lee Dee T. Trabeaux, another brother and sister of decedent, to open the succession of Loyce Joseph Tullier, deceased, to decree the property left by him to be his separate property and show that his said divorced wife has no right, title or interest in and to any of said property (or, in the alternative, to have recognized the indebtedness of the community to the separate estate of the husband), to have recognized the gift of a Plymouth automobile by decedent to his sister, Mrs. Clara Mae T. Panepinto, and to call upon the heirs who are defendants to either accept or renounce the succession.
The district court rendered judgment in favor of the defendant, Mrs. Frances M. Tullier Peteusky (divorced wife of decedent) decreeing all of the succession property to belong to the community, owned one-half by the divorced wife and the other half by the father, mother, brothers and sisters of decedent. All other demands of plaintiffs were rejected.
From this judgment the plaintiffs have appealed.
The facts are substantially as stated in the brief of plaintiff, to-wit "That the decedent, Loyce Joseph Tullier, and Frances Marion Herrington were married for the first time on July 20, 1940 at Greenville, Mississippi; that on July 9, 1943, Loyce Joseph Tullier was enlisted in the U.S. Navy at Little Rock, Arkansas; that on September 12, 1943 said first marriage was blessed at a church ceremony in Helena, Arkansas; that during the month of August, 1944, the parties were divorced by an Arkansas Court; that on April 18, 1945, Loyce Joseph Tullier was granted a disability discharge from the U.S. Navy and a disability pension, the effective starting date of which was April 19, 1945; that on April 21, 1945, Loyce Joseph Tullier and Frances Marion Herrington were married for the second time in the State of Arkansas; that by an act of sale dated July 14, 1948, Loyce Joseph Tullier and his wife, Mrs. Frances Marion Herrington Tullier, acquired two lots of ground in Bank Addition in the Parish of East Baton Rouge, in their joint names, said deed being recorded as Original No. 9 Bundle No. 2263 of the Conveyance Records of the Parish of East Baton Rouge; that on November 12, 1948, Mrs. Frances Marion Herrington Tullier executed an act of acknowledgment and transfer, which act is recorded as Original 37, Bundle 2329 of the Conveyance Records of the Parish of East Baton Rouge, Louisiana, in favor of her husband, Loyce Joseph Tullier; that on February 5, 1949, the parties were divorced for the second time by an Arkansas Court; that Loyce Joseph Tullier died on February 19, 1949 after many long periods of hospitalization, the last one being approximately six months in duration and terminating in his death. That Loyce Joseph Tullier had no income after his discharge from the Navy other than his disability pension."
Plaintiffs state in their brief that they have abandoned their claim that there had been a gift of the automobile by decedent to his sister, Mrs. Panepinto.
Plaintiffs maintained that the formal act executed by the wife and on file in the conveyance records of East Baton Rouge parish was in no sense a commutative contract as her husband was not even a party to the document but, on the contrary, contend that it is only a declaration by the wife wherein she acknowledged that the property was purchased by her husband with money he accumulated prior to the marriage and that the community had paid nothing on the purchase price, improvements or maintenance, and that all of the property was properly considered as her husband's separate estate. Plaintiffs further admit that if this document were a transfer from wife to husband, it would be barred by the prohibitions against interspousal contracts found in our Civil Code, Article No. 2446.
As to this contention of the plaintiffs, the instrument in question is an authentic *457 act containing the provisions mentioned and, in addition, transferring and conveying to the husband all right, title and interest which the defendant, Mrs. Frances Marion Herrington Tullier, might have had by reason of her marriage to deceased or by reason of the existence of the community between them and recognizing the property to belong to the separate estate. Of course, this instrument is absolutely null and void under the cited Article of the Code and as admitted by the plaintiffs. At most it could only be considered in the light of evidence or, as contended by the plaintiffs, as a declaration by the wife that the property should be considered as the separate property of the deceased. The wife, over the objection of counsel for plaintiffs, in answer to a question by the trial judge declared that she was told that unless she signed the instrument she could not get her divorce, or, rather, the husband would oppose the divorce. The status of this property was fixed at the time of purchase as community as it was purchased jointly by deceased and the defendant wife, without any reservation whatsoever.
In the case of Cox v. Caldwell, La.App., 197 So. 167, 170, it was stated:
"All property acquired by either spouse during the existence of the marriage presumably falls into and becomes an asset of the community of acquets and gains between them, if such exists. Art. 2402 of the Civil Code. Murff v. Neal et al., La. App., 162 So. 245; Schwab v. Hava et ux., 154 La. 922, 98 So. 420; Houghton v. Hall et al, 177 La. 237, 148 So. 37.
"It is said in the latter case, on page 244 of 177 La., on page 39 of 148 So.:
"`This presumption is not overcome by the declaration of the spouses in a deed to the wife that the latter is purchasing with her own separate and paraphernal funds, under her separate administration. Shaw v. Hill, 20 La.Ann. 531, 96 Am.Dec. 420; Gogreve v. Dehon, 41 La.Ann. 244, 6 So. 31.'
"`Every marriage contracted in this State, superinduces of right partnership or community of acquets and gains, if there be no stipulation to the contrary.' Art. 2399 of the Civil Code.
"The burden of overcoming the above referred to presumption rests upon the person alleging the separate and/or paraphernal character of the particular property. Schwab v. Hava et ux., supra; Houghton v. Hall, et al., supra; Cosgrove v. His Creditors, 41 La.Ann. 274, 6 So. 585; Huntington Adm'r v. Legros, 18 La.Ann. 126.
"It is also held in Houghton v. Hall, et al., that: `The wife, and those claiming through or from her, to overcome the presumption in favor of the community, must establish three crucial facts, namely: (1) The paraphernality of the funds; (2) the administration thereof separately and apart from her husband; and (3) investment by her. Stauffer, McCready & Co. v. Morgan, 39 La.Ann. 632, 2 So. 98."
Even should we consider the statement made by the wife in the acknowledgement and transfer, the plaintiffs have not borne the burden of proof to show that this property was, in fact, the separate property of the husband. Deceased received from April 19, 1945 to January 31, 1949, 3 years, 9 months and 12 days, or 452/5 months, the sum of $4,979.20, or an average of $109.69 per month. Decedent and his wife had to live. He did not work after discharge. He was married two days after the beginning of his pension but did not start receiving this pension until after marriage. He made application for pension on April 18 and his application was approved on April 30 to start on April 19, 1945. It is also shown that the wife worked during the marriage and she testified positively that she won several hundred dollars at a Bingo game which went toward the purchase of the property. We see no reason to doubt her testimony as it is verified and corroborated by the plaintiffs as to her working during the marriage. The father of the deceased also testified that the deceased had no money at the time he was married.
Treating the instrument as valid acknowledgement, what is its effect? It has no more force than if such acknowledgement had been in the deed. Those who depend on such acknowledgement still have the burden of proof that *458 decedent purchased with his own paraphernal or separate funds and for his separate estate. The acknowledgement by itself is not sufficient to rebut the presumption of community. Houghton v. Hall, supra.
The plaintiffs have failed to bear the required burden of proof.
The judgment of the District Court is affirmed.