278 So.2d 159 (1973)
Succession of Loubertha Harrison MILTON and David Milton.
Succession of David MILTON.
Nos. 9342, 9343.
Court of Appeal of Louisiana, First Circuit.
May 14, 1973.
*160 William Weatherford, Baton Rouge, for appellant.
Nathan E. Wilson, Baton Rouge, for appellee.
Before LANDRY, TUCKER and PICKETT, JJ.
PICKETT, Judge.
These consolidated actions constitute a contest between Louretta Price Milton, the widow of the decedent, David Milton, who was instituted as universal legatee and made the executrix of his estate, and Velma Milton, who claims to be the daughter of said decedent, and as such, entitled to inherit his estate.
Upon the death of David Milton, Velma Milton, representing herself to be the only child of David Milton and his wife, Loubertha Harrison (Harris) Milton, caused their succession to be opened jointly as an *161 intestate succession. She was recognized as the sole heir of the decedents, and as such sent into possession of all of the property of the decedents by judgment of the court rendered on December 14, 1967. Decedent's last will and testament was subsequently discovered. It was duly presented by his widow, Louretta Price Milton, and probated, in a separate action, on February 13, 1970. Velma Milton filed an opposition to the probate of the will. Louretta Price Milton petitioned the Court to declare the judgment of possession, dated December 14, 1967, entered in favor of Velma Milton, null, void, and of no effect. The cases were consolidated for trial in the district court. There was judgment recognizing Velma Milton as the owner of her mother's one-half interest in the community property acquired during the existence of the marriage between David Milton and her mother, and as the owner of one-third of the estate of her deceased father under the provisions of LSA-C.C. Article 1493. From that judgment, Louretta Price Milton appealed.
Louretta Price Milton, hereinafter referred to as plaintiff, contends that Velma Milton, hereinafter referred to as defendant, is not the child of decedent, David Milton, and therefore, is not entitled to inherit from him. Consequently, she alleges the judgment of possession rendered in favor of defendant on December 14, 1967, is null and void.
The solution of the issues involved in these consolidated cases depends primarily upon a determination of the legal status of Velma Milton with respect to her right to inherit the estates of Loubertha Harrison Milton and David Milton. The Trial Judge, in his written reason for judgment, outlined certain facts material to the issues here involved as follows:
"On the trial, the chronology of the facts presented tended to show that on October 23, 1895, a marriage license was issued in the Parish of East Baton Rouge authorizing the celebration of marriage between a John Smith and a Luberta Harris; that these parties later separated; that Loubertha Harris gave birth to Velma Milton on August 25, 1915; that Loubertha Harris married David Milton on August 3, 1919; that this marriage was dissolved by the death of Loubertha Harrison Milton on January 4, 1944; that David Milton married a Louretta Price on February 11, 1954; and that David Milton died testate on November 22, 1966."
The evidence shows that Loubertha Harrison Milton gave birth to Velma Milton on August 25, 1915. David Milton and Loubertha Harris, or Harrison, admittedly were legally married on August 3, 1919. The evidence adduced at the trial clearly shows that Velma Milton was reared as a child of the marriage, and was continually held out to the public as a child of the marriage. The Trial Court was of the opinion that under the provisions of LSA-C.C. Article 198, as amended by Act 50 of 1944 and Act 482 of 1948, Velma Milton was legitimated. Revised Civil Code Article 198, as amended, provides that:
"Children born out of marriage, except those who are born from an incestuous connection, are legitimated by the subsequent marriage of their father and mother, whenever the latter have formally or informally acknowledged them for their children, either before or after the marriage. (As amended Acts 1944, No. 50; Acts 1948, No. 482, § 1)."
The Louisiana Supreme Court in passing on the question of whether the amendments would apply to marriages contracted prior to the effective dates of the amendments, affirmed the judgment of the Court of Appeal, First Circuit, in the case of Henry v. Jean, 238 La. 314, 115 So.2d 363, and in that connection observed:
"...., the law affected all persons within the described status whether their parents married and they were acknowledged informally, either before or after its effective date and the legislation cannot *162 be classed as retroactive simply because it draws upon ... antecedent facts for its operation."
David Milton died long after the effective date of the amendment of Revised Civil Code Article 198; hence, the defendant contends that she was legitimated by the marriage of her parents. In an effort to counter the claims of the defendant, the plaintiff contends that defendant's mother had been previously married to John Smith and their marriage had never been dissolved, with the result that defendant is the legitimate child of John Smith, the husband of her mother at the time of her birth.
Appellant argues that Velma Milton is the legitimate child of Loubertha Harrison and John Smith because these parties were lawfully married. To prove the alleged marriage, Appellant relies upon a marriage license issued to Loubertha Harrison and John Smith on October 23, 1895, Appellant did not, however, establish that a ceremony of marriage ever took place between these parties. Relying upon Succession of Anderson, 176 La. 66, 145 So. 270; Baker v. Williams, La.App., 176 So.2d 766, and Succession of Leduc, La.App., 153 So.2d 581, Appellant offered the testimony of Castela Davis, younger sister of Loubertha Harrison, to establish a presumptive marriage between Loubertha Harrison and John Smith. Mrs. Davis, who was born three years after the issuance of the marriage certificate, testified in effect that from her childhood recollections, she always understood that her sister was married to John Smith. She could not, however, independently recollect when, where, or under what circumstances these parties lived together as man and wife. Neither could she testify of her own knowledge that they did so publicly and openly. In essence, her testimony was merely that she believed the parties were married based upon information conveyed to her by members of the family.
Having concluded that the plaintiff failed to prove that Loubertha Harrison was married at the time of defendant's birth, we find that there existed no impediment to the marriage of David Milton and Loubertha Harrison at the time the defendant was conceived. Therefore, we conclude that the defendant, Velma Milton, was legitimated by the marriage of her parents; and that she is entitled to inherit from them.
It was stipulated by counsel for plaintiff and defendant that the will of David Milton is valid as to form and confection. Having found that the defendant is the legitimate child of David Milton, she is entitled, as a forced heir of her father, to have the bequest to plaintiff in the will reduced to the disposable portion, as provided by Revised Civil Code Art. 1493, which provides that:
"Donations inter vivos or mortis causa can not exceed two-thirds of the property of the disposer, if he leaves, at his decease, a legitimate child; one-half, if he leaves two children; and one-third, if he leaves three or a greater number.
"Under the name of `children' are included descendants of whatever degree they be, it being understood that they are only counted for the child they represent."
Based on the provisions of the above cited statute, the defendant is clearly entitled to be recognized as the owner of one-third of her father's estate, and all of her mother's estate. Documents filed in evidence show that the properties purchased during David Milton's marriage to Louretta Price Milton, with one exception, were purchased with the separate and paraphernal funds of Louretta Milton. In the exception noted the vendee is recognized as, "Louretta P. Milton, nee Price, married but once and then to David Milton, with whom she is now living ..." Although the title to the property purchased during the existence of David Milton's marriage to Louretta Price Milton was taken in the name of his wife, the property is presumed to be community property. LSA-C.C. Articles 2402 and 2405; Succession of Franek, 224 La. 747, 70 So.2d 670; *163 and Prince v. Hopson, 230 La. 575, 89 So. 2d 128. The party asserting the separate and paraphernal nature of the property has the burden of overcoming this presumption. In Houghton v. Hall, 177 La. 237, 148 So. 37, the Louisiana Supreme Court said:
"This presumption is not overcome by the declaration of the spouses in a deed to the wife that the latter is purchasing with her own separate and paraphernal funds, under her separate administration. Shaw v. Hill, 20 La.Ann. 531, 96 Am. Dec. 420; Gogreve v. Dehon, 41 La.Ann. 244, 6 So. 31. The wife, and those claiming through or from her, to overcome the presumption in favor of the community, must establish three crucial facts, namely: (1) The paraphernality of the funds; (2) the administration thereof separately and apart from her husband; and (3) investment by her."
The copies of the deeds filed in evidence show that some of the properties purchased in the name of Louretta Price Milton were purchased on credit. It is encumbent upon her to show that she made the cash payment with her own separate and paraphernal funds, and that she has sufficient anticipated separate funds with which to make the purchase with reasonable certainty of being able to meet the deferred payments. In support of her claim that the property purchased during her marriage to David Milton was purchased with her paraphernal funds, the plaintiff testified that she was employed by a funeral director for some nine or ten years during which time her employer, each week, retained and saved a portion of her income. She also stated that the money retained by this employer remained invested by him all this period of time, and that he gave it to her, after her marriage, on the occasions that she purchased the property here involved. Although the plaintiff's testimony is not refuted, it is not corroborated. She explained that her employer died two or three years before the trial, and therefore was unable to corroborate her testimony. Furthermore, she said that the written evidence of the deposits given to her by her employer from time to time had been lost in a fire which destroyed a portion of her residence. The plaintiff's self serving testimony relative to the source of the funds with which she purchased the property during her marriage appears quite illogical and improbable. It is our opinion that the plaintiff has failed to prove by strict, clear and legally certain proof that she did in fact have separate funds with which to buy the property. Self-serving, totally uncorroborated evidence of the nature adduced by Appellant will not suffice. Cameron v. Rowland, 215 La. 177, 40 So.2d 1; Prince v. Hopson, 230 La. 575, 89 So.2d 128.
Counsel for the plaintiff urges a plea of estoppel by deed. It is firmly established under the jurisprudence of this state that a husband who has been a party to an act of purchase, either by signing a deed or as a witness thereto, in which it is declared that the purchase price was paid by the wife with her separate funds, and that the property is to be her paraphernal property, cannot afterwards be heard to contradict it. Rousseau v. Rousseau, 209 La. 428, 24 So.2d 676; Pfister v. Casso et al., 161 La. 940, 109 So. 770; and Maguire v. Maguire, 40 La.Ann. 579, 4 So. 492. However, the doctrine of estoppel by deed is full of exceptions, one of which is that it does not apply to forced heirs. In Kerwin v. Hibernia Insurance Company, 35 La. Ann. 33, our Supreme Court, after pointing out the well established general rule that a husband who has admitted the paraphernality of property purchased during the marriage is estopped to contradict it, said:
"Only Forced heirs are excepted from this rule ...."
In Westmore v. Harz, 111 La. 306, 35 So. 578, the Court held that though a husband be estopped from denying that property purchased during his marriage belongs to his wife, when the title is taken in her name, and he declares in the authentic act in which it was purchased that it was bought with her paraphernal funds, his children, being forced heirs, are relieved *164 entirely from the estoppel by the provisions of Civil Code Article 2239, as amended by Act No. 5 of 1884.
Having found that the defendant is a forced heir of David Milton, we conclude that the doctrine of estoppel is not applicable to the facts of this case. The validity of David Milton's will has been stipulated. Therefore, defendant is entitled only to the legitime. As a forced heir of her father, David Milton, the defendant is entitled to be recognized as the owner of her father's estate, less the diposable portion thereof. Kerwin v. Hibernia Insurance Co., supra; Monk v. Monk, 243 La. 429, 144 So.2d 384.
After a thorough consideration of all the evidence adduced in these cases and the law and jurisprudence applicable thereto, we concur in the conclusions of the trial judge.
For the reason hereinabove set forth, the judgment of the trial judge is affirmed at appellant's costs.
Affirmed.