333 So.2d 440 (1976)
Cleve McGEE, Plaintiff-Appellant,
v.
Nolie Virgil Spell HARRIS and Richard Harris, Defendants-Appellees.
No. 5447.
Court of Appeal of Louisiana, Third Circuit.
June 4, 1976.
Rehearing Denied June 30, 1976.
Writ Refused September 24, 1976.
*441 Sydney Horn, Lake Charles, for plaintiff-appellant.
Thomas W. Sanders, Lake Charles, for defendants-appellees.
Before HOOD, CULPEPPER and PAVY, JJ.
HOOD, Judge.
Plaintiff, Cleve McGee, seeks a declaratory judgment decreeing that a tract of land in Calcasieu Parish belongs to the separate estate of his deceased father, Joe McGee, and that defendants have no interest in that property. The defendants are Mrs. Nolie Virgil Spell Harris, former wife of the decedent, and her present husband, Richard Harris. Plaintiff later filed a motion for a summary judgment granting him the same relief which he sought in his original petition.
Defendant, Richard Harris, filed an exception of no cause of action which was sustained by the trial court, and judgment *442 was rendered dismissing the suit as to that defendant.
The remaining defendant, Mrs. Harris, filed (1) an answer denying that the property belongs to the separate estate of the decedent, but alleging instead that it constitutes a part of the community which existed between her and McGee; (2) a reconventional demand, praying that she be recognized as the owner of a one-half interest in that property; and (3) a motion for a summary judgment granting her the relief which she sought in her answer and reconventional demand.
A hearing was held on the motions for summary judgment filed by plaintiff and by defendant, Mrs. Harris. Thereafter, the trial court rendered a summary judgment in favor of defendant, rejecting the demands of plaintiff, Cleve McGee, and recognizing Mrs. Harris as the owner of an undivided one-half interest in the subject property. Plaintiff has appealed from that judgment.
The principal issues presented are whether defendant is estopped from claiming an interest in the subject property, and whether the trial court erred in rendering a summary judgment under the circumstances presented here.
The evidence shows that the decedent, Joe McGee, and defendant, Mrs. Harris, were married on October 4, 1946. A suit seeking a divorce between them was instituted on December 31, 1957, and a judgment decreeing a final divorce was rendered in that suit on October 30, 1958.
By act of sale dated October 10, 1952, which was during the existence of the community of acquets and gains between McGee and Mrs. Harris, Jack C. Fries sold and conveyed to plaintiff's father, Joe McGee, a lot of land which is identified briefly here as Lot Nine (9) of the Prienterre Subdivision, in Calcasieu Parish. The deed was executed in the form of an authentic act, and it was signed by the vendor, Jack C. Fries, and by defendant, Mrs. Nolie McGee (now Mrs. Nolie Harris). The deed recites that the property was conveyed to
"JOE MCGEE, purchasing with his own separate and paraphernal funds under his own separate management and control, ...."
That act of sale also contains the following significant stipulation:
"And now into these presents intervenes Mrs. Nola McGee, born Spell, wife of Joe McGee, who appears herein specifically to acknowledge the fact that the funds used by her husband, Joe McGee, to purchase the property hereinabove described, is his own separate and paraphernal funds under his own separate management and control derived from the proceeds of a sale of a portion of the separate property of her said husband and that no part of the funds used for the purchase of the property hereinabove described belongs to the community existing between her and her said husband and that accordingly she does hereby disclaim any community interest which she may now have or later acquire in the above described property."
On August 23, 1957, Joe McGee sold to his son, Cleve McGee, the east 50 feet of the lot which he previously had acquired from Fries. That sale was completed while the community between Joe McGee and Mrs. Harris was still in existence, and the property which was conveyed to plaintiff in 1957 thus is not involved in this suit.
The tract of land which is at issue here is situated in Calcasieu Parish, Louisiana, and is described as follows:
"Lot Nine (9) of Prienterre, a subdivision of the Southeast Quarter of Northeast Quarter (SE¼ of NE¼) of Section Twenty-Two (22) Township Ten (10) South, Range Nine (9) West, as per plat recorded, together with all improvements thereon situated, LESS AND EXCEPT the East Fifty (50) feet of Lot Nine (9) conveyed by the *443 said Joe McGee to Cleve McGee, by Act dated August 23, 1957, filed for record in the public records of Calcasieu Parish, Louisiana, on August 24, 1957, bearing original file no. 697674."
Both parties concede that Joe McGee is now deceased, although the record does not show the exact date of his death. It is apparent that he died some time after he and Mrs. Harris were divorced, and before this suit was filed. He left plaintiff and some other children as his heirs.
This suit was instituted by Cleve McGee on March 26, 1975. He alleges that he "inherited a portion of this property and purchased the remaining interest from his brothers and sisters," and that Mrs. Harris is "estopped from denying the separateness of this property." He contends that defendant is legally estopped from claiming a community interest in the property because "she signed the deed acknowledging the fact that the funds used by her husband Joe McGee to purchase the property were his separate funds derived from the sale of his separate property, and that she had no part of the ownership of this property."
The trial judge held that the property does not belong to the separate estate of the decedent, but that instead it constitutes a part of the community which existed between him and Mrs. Harris. He found that the deed from Fries to McGee, dated October 10, 1952, did not contain the "double barrelled recitation (1) that the property acquired is for the benefit of his separate estate and (2) the funds used to purchase are his separate funds," and he concluded that in the absence of that double declaration "the property is presumed to be community property, and this presumption is conclusive and no evidence would be admissible to prove that the property was separate property of the husband." The trial judge also held, in an addendum to his reasons for judgment, that the acknowledgment made by Mrs. Nolie McGee (now Mrs. Harris), and contained in the above act of sale, "is not sufficient to rebut the presumption of community." In reaching this last conclusion he relies on LSA-C.C. art. 2446, and Succession of Tullier, 53 So.2d 455 (La.App. 1 Cir. 1951).
Property purchased in the name of either spouse during the existence of the community of acquets and gains which exists between them is presumed to be community property. LSA-C.C. arts. 2334 and 2402. This presumption of community exists even though the deed to real property contains a recital that the property is being bought with separate funds. Smith v. Smith, 230 La. 509, 89 So.2d 55 (1956).
Our jurisprudence has established the rule that in order to preserve the title to immovable property in the separate estate of the husband, it is necessary to recite two things in the deed: First, that the price is paid with the separate funds of the husband; and second, that it is the husband's intention to acquire the property for the benefit of his separate estate, or words to that effect. Hollier v. Fontenot, 216 So.2d 842 (La.App. 3 Cir. 1968), and cases cited therein; Owens v. Owens, 259 So.2d 454 (La.App. 3 Cir. 1972); Boulet v. Fruge, 221 So.2d 602 (La.App. 3 Cir. 1969).
The deed involved in the instant suit contains a declaration made by the vendee-husband that the property was being purchased with his separate funds, but there is no specific declaration by the husband that the land was to be his separate property. It appears, therefore, that the deed by which Joe McGee acquired the subject property did not contain both parts of the "double declaration," particularly if we assume that no part of the acknowledgment made by the wife and contained in the deed can be considered as having been made also by the husband.
*444 Plaintiff argues primarily, however, that in view of the acknowledgment contained in the deed and signed by Mrs. Harris (then Mrs. McGee), the latter is now estopped from asserting that the property was purchased with community funds or that she has a community interest in that property.
The law is settled that a husband who has been a party to an act of sale of real property to his wife, in which it is declared that the price was paid with the separate funds of the wife and that the property is to be her separate property, cannot afterwards contradict that declaration, in the absence of allegations of fraud, error or duress. Under those circumstances, the husband is estopped from denying the declaration made by him that the property was purchased with the separate funds of his wife and that it is to be her separate property. This rule has been referred to at times as estoppel by deed, and it is applied in order that there may be some security of titles. LSA-C.C. art. 2236; Monk v. Monk, 243 La. 429, 144 So.2d 384 (1962); Airhart v. Airhart, 153 So.2d 140 (La.App. 3 Cir. 1963); Succession of Barr, 219 So.2d 817 (La.App. 2 Cir. 1969); Moore v. Moore, 187 So.2d 145 (La.App. 2 Cir. 1966); Rousseau v. Rousseau, 209 La. 428, 24 So.2d 676 (1946); Pfister v. Casso, 161 La. 940, 109 So. 770 (1926); Maguire v. Maguire, 40 La.Ann. 579, 4 So. 492 (1888); Kerwin v. Hibernia Insurance Company, 35 La.Ann. 33 (1883).
In Monk v. Monk, supra, the rule was found to be not applicable because of the facts in that case. Our Supreme Court stated, however, that:
"It has long and firmly been established under the jurisprudence of this court that a husband who has been a party to an act of purchase, in which it is declared the consideration belonged to the wife in her paraphernality and the property is to be such, either by signing the deed or as a witness thereto, cannot, thereafter, be heard to contradict it. This is known in law as estoppel by deed, and is based on the public policy of this state in order that there may be some security of titles...." (Citations omitted).
The Court of Appeal, Second Circuit, applied that rule in Succession of Barr, supra, stating:
"The rule, long and firmly established in the jurisprudence of this State, is that a husband who has been a party to an act of purchase of realty, by and in the name of his wife, in which it is declared that the consideration paid belonged to the wife in her paraphernality and the property is to be and remain her separate and paraphernal property, either by signing the deed or as a witness thereto, is precluded from thereafter contradicting it under the doctrine of estoppel by deed as a matter of public policy in order that there may be some security of titles."
We held in Airhart v. Airhart, supra, that the above rule was applicable even though the husband did not sign the wife's deed of acquisition, but instead signed two subsequent notarial acts acknowledging that the property was purchased with the wife's separate funds and for her separate estate.
Although the husband is estopped from denying such a declaration in the deed by which his wife acquires property, his forced heirs are relieved of that estoppel by the provisions of LSA-C.C. art. 2239. See Succession of Broussard, 306 So.2d 399 (La.App. 3 Cir. 1975); Succession of Milton, 278 So.2d 159 (La.App. 1 Cir. 1973); Westmore v. Harz, 111 La. 305, 35 So. 578 (1902).
In each of the cited cases the property was purchased in the name of the wife, and the issue presented related to a declaration made by the husband as to the *445 separate ownership of that property. In the instant suit, unlike any of the cited cases, the property was purchased in the name of the husband, and the wife signed an acknowledgment that the purchase price was paid from his separate funds. Plaintiff contends that the estoppel which has been applied against the husband in the above instances should be applied against the wife in this case, with the result that Mrs. Harris is estopped from denying the declaration which she signed.
We have been referred to no case in which the above rule of estoppel has been applied in favor of the husband and against the wife. In one case, Succession of Tullier, supra, an unsuccessful attempt was made to apply it against the wife, and the trial judge relied on that case in holding here that Mrs. Harris was not estopped from denying the declarations made by her that the price was paid from McGee's separate funds and that she had no community interest in the property.
We distinguish Tullier from the instant suit. In that case the property was acquired in the joint names of the husband and the wife, and the deed contained no statements at all as to the separate nature of that property. About four months later the wife executed an authentic act in which she declared that the property had been purchased with her husband's separate funds, that it was considered as his separate estate, and that she by that instrument transferred and conveyed to her husband all of the right, title and interest which she might have had in the property by reason of the existence of the community. The court held primarily, as we understand the opinion, that the instrument signed by the wife was absolutely null and void as being in violation of LSA-C.C. art. 2446 which prohibits interspousal contracts. It held, alternatively, assuming that the declaration of the wife was valid, that the evidence failed to show that the property was purchased with the separate funds of the husband. We consider the alternate holding of the trial court to be dictum, but whether it is or not, the opinion does not indicate that a plea of estoppel was urged in that case.
We believe that the same rule of estoppel which has been applied consistently against the husband should also be applied against the wife. That conclusion is compelled, we think, because of the public policy of this state which requires that this rule of estoppel be applied in order that there may be some security of titles. See Monk v. Monk, supra. The result in this case is that Mrs. Harris is estopped from denying the declaration she made in the deed by which Joe McGee acquired the subject property.
We have considered the wording of the declaration which was signed by Mrs. Harris, and have concluded that it is adequate to support the plea of estoppel urged by plaintiff. In that declaration she stated that the funds used to purchase the property were her husband's separate funds, and that she disclaimed any community interest in the property. We think her disclaimer of any community interest in the property constituted an acknowledgment that the property was to be the separate property of her husband.
In Pfister v. Casso, supra, our Supreme Court held that there was nothing sacrosanct about the form of the declaration which the husband makes. There, the deed did not contain a statement that the price was paid with the separate funds of the wife, although it stated that she was "purchasing for herself in her separate and paraphernal capacity." That deed was simply witnessed and signed by the husband. The court said:
"... It suffices that he allows the property to be put in the name of the *446 wife, instead of his own, as head of the community, and that he acknowledges that such property belongs to the separate estate of his wife. It is the fact of such acknowledgment, and not the form thereof, which concludes the husband and those claiming under him."
In view of the provisions of LSA-C.C. art. 2236 and the rule applied in the above cases, we conclude that Mrs. Harris is estopped from denying that the property involved in the instant suit was purchased with the separate funds of Joe McGee, and that the parties intended that the property was to belong to his separate estate. The trial court erred in failing to apply the above rule of estoppel.
In view of the conclusion which we have reached, it is unnecessary for us to consider the persuasive argument made by plaintiff that the requirement of the so-called "double declaration" in an acquisition by the husband, in order to preserve the property as a part of his separate estate, is contrary to the provisions of LSA-C.C. art. 2334, as amended by Act 170 of 1912. His argument is that the 1912 amendment to Article 2334 effectively eliminated the requirement of the double declaration. See 30 La.Law Rev. 223-225, and 49 Tul.Law Rev. 577-578 (and footnote 65).
There is no genuine issue as to any material fact in this case and for that reason it is appropriate that a summary judgment be rendered in favor of plaintiff granting the relief sought by him.
For the reasons herein set out, the judgment appealed from is reversed, and judgment is hereby rendered in favor of plaintiff, Cleve McGee, and against defendant, Mrs. Nolie Virgil Spell Harris, decreeing that defendant, Mrs. Harris, is estopped from asserting title to the above described property under the deed dated October 10, 1952. The costs of the suit and of this appeal are assessed to defendant-appellee.

REVERSED AND REMANDED.
CULPEPPER, J., concurs and assigns reasons.
CULPEPPER, Judge (concurring).
The purpose of this concurring opinion is to make it clear that I can agree with the majority decision only because it is my understanding that it does not decide the ownership of the immovable property involved. The decree in the majority opinion states only that Mrs. Harris is estopped to claim any interest in the property under the particular deed whose construction is at issue, and I agree with this.
I think it is important to make this clear because the record in the present case contains no evidence whatever as to possession of the property. The law is clear that in actions for declaratory judgment, where the issue of ownership of immovable property is being decided, the favored roll enjoyed by the possessor must be fully protected, the same as in the petitory action. LSA-C.C.P. Art. 3654 expressly provides:
"When the issue of ownership of immovable property or of a real right is presented in an action for a declaratory judgment, or in a concursus, expropriation, or similar proceeding, or the issue of the ownership of funds deposited in the registry of the court and which belong to the owner of the immovable property or of the real right is so presented, the court shall render judgment in favor of the party:
"(1) Who would be entitled to the possession of the immovable property or real right in a possessory action, unless *447 the adverse party makes out his title thereto; or
"(2) Who proves better title to the immovable property or real right, when neither party would be entitled to the possession of the immovable property or real right in a possessory action."
Note also the Official Revision Comments under Article 3654 which give the sources and history of its provisions. These comments make it clear that where the issue of ownership of immovable property is presented in an action for declaratory judgment, or similar proceeding, full effect must be given to the roll of possession of the property in dispute. See Pure Oil Company v. Skinner, La., 294 So.2d 797 (S.Ct.1974), which was a concursus proceeding: Note, Declaratory Judgments ActUse in Real Actions, 31 Tul.L.Rev. 197 (1956); Yiannopoulos, La.Civil Law Treatise, Vol. 2, Property, Section 141.
In the present case, if ownership were being decided and if the defendant, Mrs. Harris, was in possession of this immovable property for more than a year prior to the time this suit was filed, she would be entitled to judgment maintaining her possession because the plaintiff did not "make out his title." He introduced only the deed by which his father acquired the property in 1952, and he alleges, without proof, that he inherited an interest from his father and that he purchased the remaining interests from his brothers and sisters. Thus, it is clear that the plaintiff has not sustained his burden to "make out his title" as against a defendant in possession.
Summarizing my position, it is that if the issue of ownership of this immovable property were being decided in this action for declaratory judgment, I could not concur because plaintiff has not made out his title and the record contains no evidence as to who is entitled to possession. I can concur because it is my understanding that the majority decision does not decide the issue of ownership. It decides only that under the particular deed in question, Mrs. Harris is estopped to claim any ownership interest in the property. We do not decide whether she has any other claims to ownership or possession.
For the reasons assigned, I respectfully concur.