365 So.2d 1189 (1978)
Tallie J. PERKINS, Plaintiff-Appellee,
v.
Mildred Perkins RAY et al., Defendants-Appellants.
No. 6780.
Court of Appeal of Louisiana, Third Circuit.
December 20, 1978.
*1190 Voltz & Ware, John R. Hickman, Alexandria, Holt, Wagner & Lee, Charles F. Wagner, Pineville, for defendants-appellants.
John P. Navarre, Oakdale, for plaintiff-appellee.
Before CULPEPPER, FORET and CUTRER, JJ.
FORET, Judge.
This is a suit for partition by licitation of three tracts of land involving the heirs of Elee Perkins a/k/a L. E. Perkins and Ida Johnson Perkins. The only issue on appeal is the classification of one of the tracts of land as community or separate property. From a finding by the trial court that it was the separate property of Ida Johnson Perkins, this appeal ensues.
Elee Perkins, Sr. married twice; first in 1903 to Masena Johnson, who died in 1908; of this union there were three children, Mae,[1] Maude, and Parley. In 1909, he married his second wife, Ida Johnson, and of this marriage, nine children were born: Tallie, Verdie, Vernon, L. E., Jr.; Blanche, Lillian, Edlois, Agnes, and Mildred. This action was brought to partition three tracts of land in Rapides Parish along with a wooden frame house belonging to the estate of Elee Perkins, Sr. situated on leased land, and for the proceeds to be divided among the heirs in various proportions. It is the various proportions of ownership that has created the problems herein.
Tract A as listed in plaintiff's petition was purchased in 1929 during the marriage of Ida Johnson Perkins and Elee Perkins, Sr. (his second marriage) by a cash deed containing recitation wherein it was stated that Ida Johnson Perkins was purchasing with her separate and paraphernal funds, acquired from the succession of her father, Gilbert Johnson. After trial on the matter, the district court adjudicated the various proportional ownership of the three tracts of land, including that of Tract A, which disposition is before us on appeal.
In its judgment, the trial court held that the statement of paraphernality in the deed created a "presumption that the property is the separate property of the wife"; and then held that the plaintiff had failed to rebut this "presumption". On appeal, the plaintiff argues (and the defendants agree) that this is not a correct statement of the law. Under Civil Code Articles 2334, 2402, 2405 and the attendant jurisprudence, *1191 all property acquired during marriage is presumed to belong to the community. Houghton v. Hall, 177 La. 237, 148 So. 37 (1933); Fleming v. Fleming, 211 La. 860, 30 So.2d 860 (1947).
That the property is in the name of only one spouse and there is a statement of paraphernality in the act of sale, does not change this presumption. Smith v. Smith, 230 La. 509, 89 So.2d 55 (1956); McGee v. Harris, 333 So.2d 440 (La.App. 3 Cir. 1976), writ refused; Milton v. Milton, 278 So.2d 159 (La.App. 1 Cir. 1973); Houghton v. Hall, supra.
While the husband is "estopped by deed" to deny the separate nature of the property, his forced heirs are not so bound. Milton v. Milton, supra; McGee v. Harris, supra; Succession of Broussard, 306 So.2d 399 (La.App. 3 Cir. 1975). In this case the presumption that such property is community remains, and the wife and those claiming through or from her, in order to overcome the presumption in favor of the community, must establish three crucial facts:
(1) The paraphernality of the funds;
(2) The administration thereof separately and apart from her husband, and
(3) Investment by her.

Houghton v. Hall, supra, 148 So. at Page 39.
The copy of the deed of 1929 filed in evidence recites that Mrs. Ida Johnson Perkins was acquiring this property "with her own separate paraphernal funds under her own separate administration and control, said funds having been inherited by her from her deceased father, Gilbert Johnson." We note initially that such a recitation in the act of sale is not sufficient to rebut the presumption in favor of community property. Houghton and Broussard, supra. We also note that the purported source of the funds used to purchase the property, the allegedly deceased Gilbert Johnson, did not in fact die until 1942 (as evidenced by death certificate introduced into evidence). Other than this statement in the deed, defendants could offer no other source of any paraphernal funds that their mother could have used to purchase the property.
As our brothers of the First Circuit stated in a similar situation in Milton, supra:
"It is our opinion that the plaintiff has failed to prove by strict, clear and legally certain proof that she did in fact have separate funds with which to buy the property. Self-serving, totally uncorroborated evidence of the nature adduced by Appellant will not suffice. Cameron v. Rowland, 215 La. 177, 40 So.2d 1; Prince v. Hopson, 230 La. 575, 89 So.2d 128."
We thus hold that the defendants have failed to meet their burden of proof and have not overcome the presumption in favor of the community.
The judgment of the trial court is reversed in part, and amended to allocate the same percentages in Tract A:
(East half of the northwest quarter of the northeast quarter (E ½ of NW ¼ of NE ¼) of Section 20, Township 1 South, Range 3 West, LESS 1 acre sold, containing 19 acres more or less.),
as to the other property of the community existing between Ida Johnson Perkins and Elee Perkins, Sr. to-wit:

Maude Ray 1/22
Heirs of Parley Perkins 1/22
Tallie J. Perkins 10/99
Verdia Perkins Maricle 10/99
Vernon M. Perkins 10/99
L. E. Perkins, Jr. 10/99
Blanche Perkins Thompson 10/99
Lillian Perkins Paugh 10/99
Edlois Perkins Stalsby 10/99
Agnes Perkins Potts 10/99
Mildred Perkins Ray 10/99

All costs of the trial court and of this appeal are assessed against all parties to this suit in the proportions that their interest in the property in question bears to the whole.
REVERSED IN PART, AMENDED IN PART, AFFIRMED IN PART, AND RENDERED.
NOTES
[1] Mae Perkins died, without issue.