COLE, Judge.
This appeal concerns the classification of certain real estate as either separate or community property.
On April 6,1966, Lots 5 and 6 of Block 12 of West Beach Parkway Subdivision, located in St. Tammany Parish, were purchased by Helen Dumestre Luchsinger, the wife of Werner J. Luchsinger. Mr. Luchsinger also signed those acquisitions declaring his wife was purchasing the property with her separate and paraphernal funds under her separate administration and control and inherited from her family. Thereafter, the Luch-singers built a residence on the lots.
Mr. Luchsinger died in February 1977, and his wife died in July 1978; no children were born of that marriage. The defendant herein, Adelaide Johnson Boettner, as testamentary executrix of the succession of the deceased wife, has attempted to treat the lots indicated above as the separate property of Mrs. Luchsinger. This is a suit by Philip Luchsinger, the son of Werner J. Luchsinger by a previous marriage, to have the status of the property declared to be community rather than separate. The district court found the lots were the separate property of Helen Dumestre Luchsinger. We reverse.
The record in this matter indicates the Luchsingers were married in 1954. Mrs. Luchsinger was a retired New Orleans school principal who had been so employed for approximately thirty years. In 1954, she joined her husband in Starkville, Mississippi. He was an athletic trainer at Mississippi State University from 1947 to 1964. She was employed there and accumulated other retirement benefits in addition to those received from the New Orleans school system.
In 1964, Mr. Luchsinger retired and the couple moved to Mandeville where these lots are located. The two retirement checks of Mrs. Luchsinger amounted to over $700.00 per month while his university pension was approximately $200.00 per month. It also appears Mrs. Luchsinger may have had some accumulated savings from her employment and from family inheritances.
We find there is insufficient evidence, as a matter of law, to support the conclusion the lots were purchased with her separate funds. The jurisprudence of this state is well settled in that regard. In Succession of Milton, 278 So.2d 159 (La.App. 1st Cir. 1973), this court said:
“. . . Although the title to the property purchased during the existence of David Milton’s marriage to Louretta Price Milton was taken in the name of his wife, the property is presumed to be community property. LSA-C.C. Articles 2402 and 2405; Succession of Franek, 224 La. 747, 70 So.2d 670; and Prince v. Hopson, 230 La. 575, 89 So.2d 128. The party asserting the separate and paraphernal nature of the property has the burden of overcoming this presumption. In Houghton v. Hall, 177 La. 237, 148 So. 37, the Louisiana Supreme Court said:
‘This presumption is not overcome by the declaration of the spouses in a deed to the wife that the latter is purchasing with her own separate and paraphernal funds, under her separate administration. Shaw v. Hill, 20 La.Ann. 531, 96 Am.Dec. 420; Gogreve v. Dehon, 41 La.Ann. 244, 6 So. 31. The wife, and those claiming through or from her, to overcome the presumption in favor of the community, must establish three crucial facts, namely (1) The parapher-nality of the funds; (2) the administration thereof separately and apart from her husband; and (3) investment by her.’
* * * * * *
*95 “. . . It is our opinion that the plaintiff has failed to prove by strict, clear and legally certain proof that she did in fact have separate funds with which to buy the property. Self-serving, totally uncorroborated evidence of the nature adduced by Appellant will not suffice. Cameron v. Rowland, 215 La. 177, 40 So.2d 1; Prince v. Hopson, 230 La. 575, 89 So.2d 128.”
And, more recently in Perkins v. Ray, 365 So.2d 1189 (La.App. 3d Cir. 1978), these comments are found:
“. . . Under Civil Code Articles 2334, 2402, 2405 and the attendant jurisprudence, all property acquired during marriage is presumed to belong to the community. Houghton v. Hall, 177 La. 237, 148 So. 37 (1933); Fleming v. Fleming, 211 La. 860, 30 So.2d 860 (1947).
“That the property is in the name of only one spouse and there is a statement of paraphernality in the act of sale, does not change this presumption. Smith v. Smith, 230 La. 509, 89 So.2d 55 (1956); McGee v. Harris, 333 So.2d 440 (La.App. 3 Cir. 1976), writ refused; Milton v. Milton, 278 So.2d 159 (La.App. 1 Cir. 1973); Houghton v. Hall, supra.
“While the husband is ‘estopped by deed’ to deny the separate nature of the property, his forced heirs are not so bound. Milton v. Milton, supra; McGee v. Harris, supra; Succession of Broussard, 306 So.2d 399 (La.App. 3 Cir. 1975). In this case the presumption-that such property is community-remains, and the wife and those claiming through or from her, in order to overcome the presumption in favor of the community, must establish three crucial facts:
(1) The paraphernality of the funds;
(2) The administration thereof separately and apart from her husband, and
(3) Investment by her.
Houghton v. Hall, supra, 148 So. at Page 39.” (Emphasis Added.)
While it appears superficially these lots were purchased with Mrs. Luchsinger’s separate funds, the record contains no definite evidence in that regard. The executrix could only express the opinion the money used had been saved or inherited by the purchaser but she had no clear and certain proof of that. No bank accounts or other financial records in existence at the time of sale are in evidence. The burden of proof required in such instances has not been met by the appellee.
Accordingly, the judgment of the district court is reversed and Lots 5 and 6 of Block 12 of West Beach Parkway Subdivision, St. Tammany Parish, are declared to be assets of the community of acquets and gains which formerly existed between Werner J. Luchsinger and Helen Dumestre Luchsinger. All costs of this appeal are to be paid by the appellee.
REVERSED AND RENDERED.